No. 22-16020

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TERESA MACCLELLAND; KAREN UMBERGER; SCOTT WILLITS;
MICHAEL BRANOM; MOLLY BROWN; MICHAEL CARNEY; TIM
FRASCH; PATRICIA GAGAN; ANNA GUTIERREZ; LINDA JENKINS;
AUGUSTUS JOHNSON; WILLIAM KAUPELIS; MARILYN KAYE; JANETTE
LISNER; WILLIAM ERIC LOUGH; DAVID MASSARO; LOUISE MONSOUR;
DARLEEN PEREZ; GABRIELLE POZZUOLI; VALERIE REED; BRUCE
SCHRAMM; KERRY SHOWALTER; JOHN ST. JARRE; GLORIA STERN;
EDNA TOY; TERESA TOY; and VANESSA WEST;
For Themselves, as Private Attorneys General,
and/or On Behalf of All Others Similarly Situated,
*Plaintiffs-Appellees,*
v.
CELLCO PARTNERSHIP D/B/A/ VERIZON WIRELESS; and
VERIZON COMMUNICATIONS, INC.,
*Defendants-Appellants.*

On Appeal from Order Denying Motion To Compel Arbitration
entered by the U.S. District Court for the Northern District of California
No. 21-CV-8592-EMC
Hon. Edward M. Chen

**PLAINTIFFS-APPELLEES'
UNOPPOSED MOTION FOR EXTENSION OF TIME
TO FILE ANSWERING BRIEF
AND SUPPLEMENTAL EXCERPTS OF RECORD**

HATTIS & LUKACS
Daniel M. Hattis
Paul Karl Lukacs
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
*Attorneys for Plaintiffs-Appellants*

## PLAINTIFFS-APPELLEES' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF AND SUPPLEMENTAL EXCERPTS OF RECORD

Plaintiffs-Appellees Teresa MacClelland and her twenty-six additional Co-Plaintiffs-Appellees (collectively, "Plaintiffs") respectfully request an extension of time of sixty-five (65) additional calendar days to file their answering brief and supplemental excerpts of record—an extension that, if granted, would move the due date to Friday, February 24, 2023. This is Plaintiffs' first request for an extension, and it is justified by the number of cutting-edge issues raised in the appeal, as well as the historical issues raised in the amicus briefs. This requested extension is consented to by Defendants-Appellants Cellco Partnership d/b/a/ Verizon Wireless and Verizon Communications, Inc. (collectively, "Verizon"), and Plaintiffs make this request understanding that a later request for an additional extension will be disfavored by the Court.

**Procedural History.** As per this Court's initial Time Schedule Order (Dkt. 1-1), Verizon's opening brief and excerpts of record were due to be filed and served on October 20, 2022, and Plaintiffs' answering brief and supplemental excerpts of record were due to be filed and served on November 21, 2022. *See* Declaration of Paul Karl Lukacs, ¶ 3 (*infra*).

On October 7, 2022, Verizon applied for and this Court granted a streamlined extension of time (Dkt. 11, 12). Lukacs Decl., ¶ 4. Per the streamlined

1

extension, Verizon's opening brief and excerpts of record were due to be filed and served on November 21, 2022, and Plaintiffs' answering brief and supplemental excerpts of record were due to be filed and served on December 21, 2022. (*Ibid.*)

On November 21, 2022, Verizon filed its opening brief and excerpts of record (Dkt. 15, 16). Lukacs Decl., ¶ 5.

On November 28, 2022, two amicus briefs were filed in support of Verizon. Lukacs Decl., ¶ 6. One amicus brief was filed by the U.S. Chamber of Commerce (Dkt. 20), and the second was filed by the California Employment Law Council (Dkt. 21). *Ibid.*

Therefore, Plaintiffs' answering brief and supplemental excerpts of record are currently due on December 21, 2022. Lukacs Decl., ¶ 7.

Plaintiffs have not previously requested an extension of time in this appeal. Lukacs Decl., ¶ 8. Plaintiffs have not requested a streamlined extension under Circuit Rule 31-2.2(a) and have not previously filed a motion under Circuit Rule 31-2.2(b). *Ibid.*

**Request For Extension Of Time.** Plaintiffs respectfully request an extension of time of sixty-five (65) additional calendar days to file their answering brief and supplemental excerpts of record—an extension that, if granted, would move the due date to Friday, February 24, 2023.

"[A]n extension of time may be granted only upon written motion supported by a showing of diligence and substantial need." Circuit Rule 31-2.2(b).

This motion is based on two, interconnected demonstrations of substantial need. First, Verizon's appeal raises at least two cutting-edge issues of arbitration law that need additional time to address, while the amicus briefs raise a separate historical inquiry into the use and characteristics of bellwether proceedings. Second, Plaintiffs' small law firm has a significant and intervening appellate obligation in December 2022 and therefore needs additional time to answer the questions raised by the appeal and the amicus briefs.

Verizon's appeal addresses at least two cutting-edge issues that require additional time to properly address.

This appeal is on track to be the first case in which a federal appellate court will decide whether or not the recent U.S. Supreme Court opinion in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) ("*Viking River*"), preempts a California rule of contract law called the *McGill* rule, named after the decision in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017). Lukacs Decl., ¶ 9.

Plaintiffs (and the plaintiff's bar as a whole) maintain that the *McGill* rule is a generally applicable contract defense that, per Section 2 of the Federal Arbitration Act (9 U.S.C. § 2), can render an arbitration agreement unenforceable.

3

Lukacs Decl., ¶ 10. This Court reached the same conclusion in *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019) ("*Blair*"). *Ibid.*

However, Verizon (and the corporate defense bar as a whole) contends that *Viking River* has resulted in the implied overruling of *Blair*. Lukacs Decl., ¶ 11. Verizon makes this argument on pages 47 to 54 of its opening brief (Dkt. 15). *Ibid.*

The determination of whether a recent U.S. Supreme Court decision has overturned by implication a Ninth Circuit precedent is a new and important appellate question where the research and briefing should not be rushed. This is also a topic where the Ninth Circuit could benefit from a reasonable delay; during that delay, district courts may issue opinions on the topic that could inform the Court's analysis. (Thus far, the Order being appealed in this case is the only district court order to have addressed the question. *MacClelland v. Cellco Partnership*, --- F. Supp. 3d ---, 2022 WL 2390997, *9 (N.D. Cal. July 1, 2022). The district court ruled that *Viking River* did not overturn *Blair*.)

The second cutting-edge issue in this appeal involves what is sometimes called a "mass arbitration" clause. Lukacs Decl., ¶ 12. Mass arbitration clauses are a new innovation—they started being used about three years—by which a corporation attempts to severely limit the number of Demands For Arbitration that can proceed against the corporation at any one time. *Ibid.* For example, in this case, Verizon in 2021 amended its Customer Agreement to require that Demands

4

For Arbitration against Verizon proceed in batches of 10 under certain circumstances. *Ibid.*

This appeal is on track to be the first case in which a federal appellate court will pass judgment on the legality of mass arbitration clauses in general and Verizon's clause specifically. Lukacs Decl., ¶ 13. This Court's decision in this appeal will have ramifications throughout the plaintiff's bar and its opponents in the corporate defense bar. *Ibid.* This is another topic on which the Ninth Circuit could benefit from a reasonable delay during which district courts may issue opinions that could inform the Court's analysis. *Ibid.*

The interest in this appeal is highlighted—and the complexity of the briefing increased—by the amicus briefs filed by the U.S. Chamber of Commerce and the California Employment Law Council. Both amici spend portions of their briefs addressing a third, related issue—the historical use of bellwether proceedings to assist in the resolution of controversies that involve a large number of claims. *See* Amicus Brief of U.S. Chamber of Commerce, pp. 7-21 (Dkt. 20); Amicus Brief of California Employment Law Council, pp. 1-23 (Dkt. 21).

Verizon, the Chamber and the Council take the position that Verizon's mass arbitration provision creates a bellwether proceeding. Lukacs Decl., ¶ 14. Plaintiffs disagree—as did the District Court in this case. *MacClelland*, 2022 WL 2390997, at p. *14.

5

Therefore, on top of the two cutting-edge legal issues identified above, Plaintiffs' answering brief will need to address the history and characteristics of a true bellwether proceeding. Lukacs Decl., ¶ 15. This will require some additional time. *Ibid.* Since the Ninth Circuit provides additional words to respond to the arguments of amici (Circuit Rule 32-2(b)), it makes sense to provide additional time as well.

Moreover, the law firm representing Plaintiffs in this appeal, the consumer rights firm of Hattis & Lukacs, is a small firm with only three attorneys. Lukacs Decl., ¶ 16. The undersigned attorney, Paul Karl Lukacs, Esq., is the attorney responsible for doing the majority of the researching and drafting of Plaintiffs' answering brief. *Ibid.*

In December 2022, Mr. Lukacs has a significant overlapping appellate obligation. Lukacs Decl., ¶ 17. He is taking the lead in researching and drafting the respondent's brief in the case of *Ring LLC v. Brandon Jack and Jean Alda*, California Court of Appeal Case Nos. A165103 and A165386 (Cal. Ct. App. 1st Dist.). *Ibid.* In that appeal, the respondent's brief is due December 15, 2022. *Ibid.*

Another reason why this Court should grant the extension is that Plaintiffs' request for a 65-day extension is in reality a request for a 35-day discretionary extension. Lukacs Decl., ¶ 18. Plaintiffs have not made a streamlined request for a 30-day extension under Circuit Rule 31-2.2(a); if Plaintiffs were to make and

6

receive a streamlined 30-day extension, Plaintiffs' due date would fall on January 20, 2023. *Ibid.* Thus, Plaintiffs' request at bar for a 65-day extension can be interpreted as a request for 35 additional days after what would have been the streamlined extension. *Ibid.*

Plaintiffs have shown diligence. Lukacs Decl., ¶ 19. Plaintiffs are filing this motion within a week-and-a-half of receipt of the opening brief and within days of receipt of the two amicus briefs. *Ibid.* Plaintiffs are staying ahead of the situation and are not waiting until the last moment to request extra time. *Ibid.*

The attached Declaration of Paul Karl Lukacs contains the additional information required by Circuit Rule 31-2.2(b), such as the history of briefing extensions in this appeal (Lukacs Decl., ¶¶ 3-7), the movant's representation that the movant has exercised diligence (Lukacs Decl., ¶ 19), and the movant's representation that the court reporter is not in default with regard to any designated transcripts (Lukacs Decl., ¶ 21).

Counsel for Verizon has consented to this request for an extension. Lukacs Decl., ¶ 20.

///

///

///

///

7

For the reasons stated, Plaintiffs respectfully request an extension of time of sixty-five (65) additional calendar days to file their answering brief and supplemental excerpts of record—an extension that, if granted, would move the due date to Friday, February 24, 2023.

December 1, 2022

Respectfully submitted,

/s/ *Paul Karl Lukacs*
Daniel M. Hattis
Paul Karl Lukacs
HATTIS & LUKACS
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
dan@hattislaw.com
pkl@hattislaw.com
*Attorneys for Plaintiffs-Appellees*

## DECLARATION OF PAUL KARL LUKACS

I, Paul Karl Lukacs, declare as follows:

1. I am an adult more than 18 years of age, and I am not a party to this proceeding. I am a member in good standing of the State Bar of California and the Washington State Bar Association, and I am a counsel of record in this appeal for Plaintiff-Appellee Teresa MacClelland and her twenty-six additional Co-Plaintiffs-Appellees (collectively, "Plaintiffs") in this litigation against Defendants-Appellants Cellco Partnership d/b/a/ Verizon Wireless and Verizon

8

Communications, Inc. (collectively, "Verizon"). I make this declaration based upon my own personal knowledge, and, if called to testify, I could and would testify competently thereto:

 2. Plaintiffs respectfully request an extension of time of sixty-five (65) additional calendar days to file their answering brief and supplemental excerpts of record—an extension that, if granted, would move the due date to Friday, February 24, 2023.

 3. As per this Court's initial Time Schedule Order (Dkt. 1-1), Verizon's opening brief and excerpts of record were due to be filed and served on October 20, 2022, and Plaintiffs' answering brief and supplemental excerpts of record were due to be filed and served on November 21, 2022.

 4. On October 7, 2022, Verizon applied for and this Court granted a streamlined extension of time (Dkt. 11, 12). Per the streamlined extension, Verizon's opening brief and excerpts of record were due to be filed and served on November 21, 2022, and Plaintiffs' answering brief and supplemental excerpts of record were due to be filed and served on December 21, 2022.

 5. On November 21, 2022, Verizon filed its opening brief and excerpts of record (Dkt. 15, 16).

6. On November 28, 2022, two amicus briefs were filed in support of Verizon. One amicus brief was filed by the U.S. Chamber of Commerce (Dkt. 20), and the second was filed by the California Employment Law Council (Dkt. 21).

7. Therefore, Plaintiffs' answering brief and supplemental excerpts of record are currently due on December 21, 2022.

8. Plaintiffs have not previously requested an extension of time in this appeal. Plaintiffs have not requested a streamlined extension under Circuit Rule 31-2.2(a) and have not previously filed a motion under Circuit Rule 31-2.2(b).

9. This appeal is on track to be the first case in which a federal appellate court will decide whether or not the recent U.S. Supreme Court opinion in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) ("*Viking River*"), preempts a California rule of contract law called the *McGill* rule, named after the decision in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017). (Thus far, the Order being appealed in this case is the only district court order to have addressed the question. *MacClelland v. Cellco Partnership*, --- F. Supp. 3d ---, 2022 WL 2390997, *9 (N.D. Cal. July 1, 2022). The district court ruled that *Viking River* did not overturn *Blair*.)

10. Plaintiffs (and the plaintiff's bar as a whole) maintain that the *McGill* rule is a generally applicable contract defense that, per Section 2 of the Federal Arbitration Act (9 U.S.C. § 2), can render an arbitration agreement unenforceable.

This Court reached the same conclusion in *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019) ("*Blair*").

11. However, Verizon (and the corporate defense bar as a whole) contends that *Viking River* has resulted in the implied overruling of *Blair*. Verizon makes this argument on pages 47 to 54 of its opening brief (Dkt. 15).

12. The second cutting-edge issue in this appeal involves what is sometimes called a "mass arbitration" clause. Mass arbitration clauses are a new innovation—they started being used about three years—by which a corporation attempts to severely limit the number of Demands For Arbitration that can proceed against the corporation at any one time. For example, in this case, Verizon in 2021 amended its Customer Agreement to require that Demands For Arbitration against Verizon proceed in batches of 10 under certain circumstances.

13. This appeal is on track to be the first case in which a federal appellate court will pass judgment on the legality of mass arbitration clauses in general and Verizon's clause specifically. This Court's decision in this appeal will have ramifications throughout the plaintiff's bar and its opponents in the corporate defense bar. This is another topic on which the Ninth Circuit could benefit from a reasonable delay during which district courts may issue opinions that could inform the Court's analysis.

14. Verizon, the Chamber and the Council take the position that Verizon's mass arbitration provision creates a bellwether proceeding. Plaintiffs disagree—as did the District Court in this case. *MacClelland*, 2022 WL 2390997, at p. *14.

15. Therefore, on top of the two cutting-edge legal issues identified above, Plaintiffs' answering brief will need to address the history and characteristics of a true bellwether proceeding. This will require some additional time.

16. Moreover, the law firm representing Plaintiffs in this appeal, the consumer rights firm of Hattis & Lukacs, is a small firm with only three attorneys. I am the attorney responsible for doing the majority of the researching and drafting of Plaintiffs' answering brief.

17. In December 2022, I have a significant overlapping appellate obligation. I am taking the lead in researching and drafting the respondent's brief in the case of *Ring LLC v. Brandon Jack and Jean Alda*, California Court of Appeal Case Nos. A165103 and A165386 (Cal. Ct. App. 1st Dist.). In that appeal, the respondent's brief is due December 15, 2022.

18. Another reason why this Court should grant the extension is that Plaintiffs' request for a 65-day extension is in reality a request for a 35-day discretionary extension. Plaintiffs have not made a streamlined request for a 30-

day extension under Circuit Rule 31-2.2(a); if Plaintiffs were to make and receive a streamlined 30-day extension, Plaintiffs' due date would fall on January 20, 2023. Thus, Plaintiffs' request at bar for a 65-day extension can be interpreted as a request for 35 additional days after what would have been the streamlined extension.

19. Plaintiffs have shown diligence. Plaintiffs are filing this motion within a week-and-a-half of receipt of Verizon's opening brief and within days of receipt of the two amicus briefs. Plaintiffs are staying ahead of the situation and are not waiting until the last moment to request extra time.

20. On December 1, 2022, Kannon K. Shanmugam, Esq., one of the counsel representing Verizon in this appeal, stated that Verizon consented to Plaintiffs' request for a 65-day extension of time to Friday, February 24, 2022.

21. The court reporter is not in default with regard to any designated transcripts.

I declare under penalty of perjury under the laws of the United States of America that all of the above is true and correct.

Executed on December 1, 2022, in Ventura County, California.

_____
PAUL KARL LUKACS

13