# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TERESA MACCLELLAND; KAREN UMBERGER; SCOTT WILLITS; VALERIE REED;
JOHN ST. JARRE; LOUISE MONSOUR; VANESSA WEST; TIM FRASCH;
DARLEEN PEREZ; WILLIAM KAUPELIS; KERRY SHOWALTER; BRUCE SCHRAMM;
PATRICIA GAGAN; WILLIAM ERIC LOUGH; MICHAEL CARNEY; ANNA GUTIERREZ;
JANETTE LISNER; MARILYN KAYE; TERESA TOY; MICHAEL BRANOM;
GLORIA STERN; DAVID MASSARO; AUGUSTUS JOHNSON; EDNA TOY;
MOLLY BROWN; LINDA JENKINS; GABRIELLE POZZUOLI,
For Themselves, As Private Attorneys General, and
On Behalf Of All Others Similarly Situated,

*Plaintiffs-Appellees*,

v.

CELLCO PARTNERSHIP, DBA VERIZON WIRELESS;
VERIZON COMMUNICATIONS, INC.,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:21-cv-08592-EMC
Hon. Edward M. Chen

## PLAINTIFFS-APPELLEES'
## REQUESTS FOR JUDICIAL NOTICE

HATTIS & LUKACS
Daniel M. Hattis
Paul Karl Lukacs
Che Corrington
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
*Attorneys for Plaintiffs-Appellees*

Pursuant to Federal Rule of Evidence 201, Plaintiffs and Appellees Teresa MacClelland Et Al. respectfully request that this Court of Appeals take judicial notice of the four attached documents, which are referenced and discussed in Plaintiffs' Answering Brief.

Federal Rule of Evidence 201(b)(2) permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). An appellate court has the same power as a trial court to take judicial notice of a matter subject to such notice. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

The first three Requests seek judicial notice of arbitration rules promulgated by the American Arbitration Association and the Better Business Bureau. Courts may take judicial notice of arbitration rules because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Chavarria v. Ralphs Grocer Co.*, 812 F. Supp. 2d 1079, 1087 n.8 (C.D. Cal.2011) (taking judicial notice of AAA Rules); *Collins v. Diamond Pet Food Processors of California, LLC*, No. 2:13–CV–00113–MCE, 2013 WL 1791926, *6 (E.D. Cal. Apr. 26, 2013) (same).

The fourth Request seeks judicial notice of a document that Appellants and Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon

Communications, Inc., recently filed in a civil action in the U.S. District Court for the District of New Jersey. "We may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

**REQUEST NO. 1:** The American Arbitration Association Consumer Arbitration Rules, with Costs of Arbitration amended and effective November 1, 2020. A true and correct copy is attached hereto as **Document No. 1**.

**REQUEST NO. 2:** The American Arbitration Association Supplementary Rules for Multiple Case Filings, effective August 1, 2021. A true and correct copy is attached hereto as **Document No. 2**.

**REQUEST NO. 3:** The Better Business Bureau Rules of Arbitration (Binding), 2010. A true and correct copy is attached hereto as **Document No. 3**.

**REQUEST NO. 4:** Selected file-stamped pages from Defendants' Reply In Support Of Motion To Compel Arbitration And Stay Proceedings filed on February 17, 2023, by Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Communications, Inc. in *Cintia Corsi v. Cellco Partnership*, Case No. 3:22-cv-4621-ZNQ-RLS (D. N.J.). A true and correct copy of the selected pages is attached hereto as **Document No. 4**, with yellow highlights added.

Dated:  March 17, 2023              HATTIS & LUKACS

By: */s/ Paul Karl Lukacs*
      Paul Karl Lukacs
Daniel M. Hattis
Paul Karl Lukacs
Che Corrington
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone:  (425) 233-8650

*Attorneys for Plaintiffs-Appellees*

**DOCUMENT NO. 1**



# Consumer
# Arbitration Rules



American Arbitration Association®

Available online at **adr.org/consumer**

Rules Amended and Effective September 1, 2014
Costs of Arbitration Amended and Effective November 1, 2020

# Table of Contents

Introduction ................................................................. 6

  About the AAA.............................................................. 6

  The Arbitrator.............................................................. 7

  The AAA's Consumer Arbitration Rules .......................................... 7

  Availability of Mediation through AAA Mediation.org ............................. 7

  Administrative Fees ........................................................ 7

  Arbitrator's Fees .......................................................... 8

  Notification .............................................................. 8

Filing a Case and Initial AAA Administrative Steps ............................... 9

  R-1. Applicability (When the AAA Applies These Rules) ........................... 9

  R-2. Starting Arbitration under an Arbitration Agreement in a Contract ............. 11

  R-3. Agreement to Arbitrate When There is No AAA Arbitration Clause ............. 13

  R-4. AAA Administrative Fees .................................................. 13

  R-5. Neutral Arbitrator's Compensation .......................................... 14

  R-6. Depositing Neutral Arbitrator's Compensation with the AAA ................... 14

  R-7. Expenses ............................................................. 14

  R-8. Changes of Claim ........................................................ 14

  R-9. Small Claims Option for the Parties .......................................... 15

  R-10. Administrative Conference with the AAA .................................... 15

  R-11. Fixing of Locale (the city, county, state, territory and or country where the arbitration will take place)................................................... 15

  R-12. Business Notification and Publicly-Accessible Consumer Clause Registry ....... 16

  R-13. AAA and Delegation of Duties............................................. 17

  R-14. Jurisdiction ........................................................... 17

Appointing the Arbitrator ...................................................... 18

  R-15. National Roster of Arbitrators............................................. 18

  R-16. Appointment from National Roster ........................................ 18

  R-17. Number of Arbitrators ................................................... 18

  R-18. Disclosure ............................................................ 18

  R-19. Disqualification of Arbitrator .............................................. 19

  R-20. Vacancies ............................................................ 19

## Pre-Hearing Preparation ........................................................ 20

R-21. Preliminary Management Hearing with the Arbitrator ........................ 20

R-22. Exchange of Information between the Parties................................. 20

R-23. Enforcement Powers of the Arbitrator ...................................... 20

R-24. Written Motions (except for Dispositive Motions—see R-33) ................. 21

R-25. Representation of a Party................................................... 21

R-26. Setting the Date, Time, and Place (the physical site of the hearing within the designated locale) of Hearing .............................................. 22

R-27. Written Record of Hearing................................................. 22

R-28. Interpreters ............................................................. 22

R-29. Documents-Only Procedure ................................................. 23

## Hearing Procedures ........................................................... 24

R-30. Attendance at Hearings .................................................... 24

R-31. Oaths .................................................................... 24

R-32. Conduct of Proceedings.................................................... 24

R-33. Dispositive Motions ...................................................... 25

R-34. Evidence ................................................................ 25

R-35. Evidence by Affidavit and Post-Hearing Filing of Documents or Other ....... 25

Evidence .................................................................... 25

R-37. Interim Measures (a preliminary decision made by the arbitrator involving part or all of the issue(s) in dispute in the arbitration) .................... 26

R-38. Postponements ........................................................... 26

R-39. Arbitration in the Absence of a Party or Representative ................... 26

## Conclusion of the Hearing..................................................... 27

R-40. Closing of Hearing ....................................................... 27

R-41. Reopening of Hearing ..................................................... 27

R-42. Time of Award ........................................................... 27

R-43. Form of Award ........................................................... 27

R-44. Scope of Award .......................................................... 28

R-45. Award upon Settlement ................................................... 28

R-46. Delivery of Award to Parties ............................................. 28

R-47. Modification of Award for Clerical, Typographical, or Mathematical Errors ...... 29

Rules Amended and Effective September 1, 2014. Costs of Arbitration Amended and Effective November 1, 2020.

CONSUMER **3**

Post Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

R-48. Release of Documents for Judicial Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

R-49. Applications to Court and Exclusion of Liability . . . . . . . . . . . . . . . . . . . . . . . . . 30

General Procedural Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

R-50. Waiver of Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

R-51. Extensions of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

R-52. Serving of Notice and AAA and Arbitrator Communications. . . . . . . . . . . . . . . . . . 31

R-53. Interpretation and Application of Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

R-54. Remedies for Nonpayment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

R-55. Declining or Ceasing Arbitration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Costs of Arbitration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

AAA Administrative Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

(i) Filing Fees*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

(ii) Case Management Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

(iii) Hearing Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Neutral Arbitrator's Compensation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Reallocation of Arbitrator Compensation, AAA Administrative Fees
and Certain Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Hearing Room Rental. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Abeyance Fee. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Consumer Clause Review and Registry Fee. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

AAA Mediation Fees for Multiple Consumer Case Filings . . . . . . . . . . . . . . . . . . . . . . 39

AAA Administered Settlement Approval Process for Multiple
Consumer Case Filings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Fees for Additional Services . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Procedures for the Resolution of Disputes through Document
Submission . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

D-1. Applicability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

D-2. Preliminary Management Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

D-3. Removal from the Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

D-4. Time of Award. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

# Glossary of Terms

Glossary of Terms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Administrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

ADR Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

ADR Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

ADR Program . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

Arbitration Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Case Administrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Claimant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Demand for Arbitration (also referred to as "Demand") . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Documents-Only Arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Independent ADR Institution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

In-Person Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Neutral . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Opposing Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Respondent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Telephone Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

# Consumer Arbitration Rules



## Introduction

Millions of consumer purchases take place each year. Occasionally, these transactions lead to disagreements between consumers and businesses. These disputes can be resolved by arbitration. Arbitration is usually faster and cheaper than going to court.

The American Arbitration Association® ("AAA®," "the Association") applies the *Consumer Arbitration Rules* ("Rules") to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA has the discretion to apply or not to apply the *Consumer Arbitration Rule,* and the parties are able to bring any disputes concerning the application or non-application of the Rules to the attention of the arbitrator. Consumers and businesses are permitted to seek relief in a small claims court for disputes or claims within the scope of the small claims court's jurisdiction. These Rules were drafted and designed to be consistent with the minimum due process principles of the *Consumer Due Process Protocol*.

## About the AAA

The administrator's role is to manage the administrative aspects of the arbitration, such as the appointment of the arbitrator, preliminary decisions about where hearings might take place, and handling the fees associated with the arbitration. As administrator, however, the AAA does not decide the merits of a case or make any rulings on issues such as what documents must be shared with each side. Because the AAA's role is only administrative, the AAA cannot overrule or change an arbitrator's decisions or rulings. The administrator will comply with any court orders issued from litigation involving the parties to the dispute.

The American Arbitration Association, founded in 1926, is a neutral, independent, and private not-for-profit organization. We offer a broad range of conflict management services to businesses, organizations, and individuals. We also provide education, training, and publications focused on methods for settling disputes out of court.

## The Arbitrator

Except where the parties to a case reach their own settlement, the arbitrator will make the final, binding decision called the Award on the dispute and render it in writing. The Arbitrator makes all the procedural decisions on a case not made by the Administrator or not decided jointly by the parties. The arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law or laws that apply to the case.

Arbitrators are neutral and independent decision makers who are not employees of the AAA. Once appointed to a case, an arbitrator may not be removed by one party without the other party's consent or unless the Administrator determines an arbitrator should be removed and replaced by another arbitrator chosen by the Administrator in a manner described in these Rules.

## The AAA's Consumer Arbitration Rules

The AAA has developed the *Consumer Arbitration Rules* for consumers and businesses that want to have their disagreements resolved through arbitration.

## Availability of Mediation through AAA Mediation.org

Mediation in consumer disputes is also available to help parties resolve their disputes. Parties interested in participating in mediation may find a mediator through **www.aaamediation.org.**

## Administrative Fees

The Association charges a fee for its services under these Rules. A fee schedule is included at the end of these Rules in the Costs of Arbitration section.

Rules Amended and Effective September 1, 2014. Costs of Arbitration Amended and Effective November 1, 2020.

CONSUMER **7**

## Arbitrator's Fees

Arbitrators are paid for the time they spend resolving disputes. The business makes deposits as outlined in the fee schedule in the Costs of Arbitration section of these Rules. Unused deposits are refunded at the end of the case.

## Notification

A business intending to incorporate these Rules or to refer to the dispute resolution services of the AAA in a consumer alternative dispute resolution ("ADR") plan should, at least 30 days prior to the planned effective date of the program,

- notify the Association of its intention to do so, and
- provide the Association with a copy of the consumer dispute resolution plan.

If a business does not comply with this requirement, the Association reserves the right to withhold its administrative services. For more information, please see R-12 below.

# Filing a Case and Initial AAA Administrative Steps

## R-1. Applicability (When the AAA Applies These Rules)

**(a)** The parties shall have made these *Consumer Arbitration Rules* ("Rules") a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association ("AAA"), and

**1)** have specified that these *Consumer Arbitration Rules* shall apply;

**2)** have specified that the *Supplementary Procedures for Consumer-Related Disputes* shall apply, which have been amended and renamed the Consumer Arbitration Rules;

**3)** the arbitration agreement is contained within a consumer agreement, as defined below, that does not specify a particular set of rules; or

**4)** the arbitration agreement is contained within a consumer agreement, as defined below, that specifies a particular set of rules other than the *Consumer Arbitration Rules.*

When parties have provided for the AAA's rules or AAA administration as part of their consumer agreement, they shall be deemed to have agreed that the application of the AAA's rules and AAA administration of the consumer arbitration shall be an essential term of their consumer agreement.

The AAA defines a consumer agreement as an agreement between an individual consumer and a business where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use.

Examples of contracts that typically meet the criteria for application of these Rules, if the contract is for personal or household goods or services and has an arbitration provision, include, but are not limited to the following:

- Credit card agreements
- Telecommunications (cell phone, ISP, cable TV) agreements
- Leases (residential, automobile)
- Automobile and manufactured home purchase contracts
- Finance agreements (car loans, mortgages, bank accounts)
- Home inspection contracts
- Pest control services

- Moving and storage contracts

- Warranties (home, automobile, product)

- Legal funding

- Health and fitness club membership agreements

- Travel services

- Insurance policies

- Private school enrollment agreements

Examples of contracts that typically do not meet the criteria for application of these Rules, should the contract contain an arbitration provision, include, but are not limited to the following:

- Home construction and remodeling contracts

- Real estate purchase and sale agreements

- Condominium or homeowner association by-laws

- Business insurance policies (including crop insurance)

- Commercial loan and lease agreements

- Commercial guaranty agreements

**(b)** When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these Rules and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

**(c)** The consumer and the business may agree to change these Rules. If they agree to change the Rules, they must agree in writing. If the consumer and the business want to change these Rules after the appointment of the arbitrator, any changes may be made only with the approval of the arbitrator.

**(d)** The AAA administers consumer disputes that meet the due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules.* The AAA will accept cases after the AAA reviews the parties' arbitration agreement and if the AAA determines the agreement substantially and materially complies with the due process standards of these Rules and the *Consumer Due Process Protocol.* Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

**(e)** The AAA has the initial authority to apply or not to apply the *Consumer*

*Arbitration Rules.* If either the consumer or the business disagrees with the AAA's decision, the objecting party must submit the objection by the due date for filing an answer to the demand for arbitration. If an objection is filed, the arbitrator shall have the authority to make the final decision on which AAA rules will apply.

**(f)** If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 30 days to permit the party to obtain a stay of arbitration from the court.

**(g)** Where no disclosed claims or counterclaims exceed $25,000, the dispute shall be resolved by the submission of documents only/desk arbitration (see R-29 and the *Procedures for the Resolution of Disputes through Document Submission* below). Any party, however, may ask for a hearing. The arbitrator also may decide that a hearing is necessary.

## R-2. Starting Arbitration under an Arbitration Agreement in a Contract

**(a)** Arbitration filed under an arbitration agreement naming the AAA shall be started in the following manner:

**(1)** The party who starts the arbitration (referred to as the "claimant" throughout the arbitration) must contact, in writing, the party that the case is filed against (referred to as the "respondent" throughout the arbitration) that it wishes to arbitrate a dispute. This written contact is referred to as the Demand for Arbitration ("Demand"). The Demand must do the following:

- Briefly explain the dispute

- List the names and addresses of the consumer and the business, and, if known, the names of any representatives of the consumer and the business

- Specify the amount of money in dispute, if applicable

- Identify the requested location for the hearing if an in-person hearing is requested

- State what the claimant wants

**(2)** The claimant must also send one copy of the Demand to the AAA at the same time the demand is sent to the respondent. When sending a Demand to the AAA, the claimant must also send the following:

- A copy of the arbitration agreement contained in the contract and/or agreement and/or purchase document

- The proper filing fee; the amount of the filing fee can be found in the Costs of Arbitration section at the end of these Rules.

**(3)** If the arbitration is pursuant to a court order, the claimant must send one copy of the Demand to the AAA at the same time the Demand is sent to the respondent. When sending a demand to the AAA, the claimant must also send the following:

- A copy of the court order
- A copy of the arbitration agreement contained in the contract and/or agreement and/or purchase document
- The proper filing fee

The filing fee must be paid before a matter is considered properly filed. If the court order directs that a specific party is responsible for the filing fee, it is the responsibility of the filing party either to make such payment to the AAA and seek reimbursement as directed in the court order or to make other such arrangements so that the filing fee is submitted to the AAA with the Demand.

The claimant may file by mail. The mailing address of the AAA's Case Filing Services is:

American Arbitration Association
Case Filing Services
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

Or, the claimant may file online using AAA WebFile: **https://www.adr.org**

Or, the claimant may file at any of the AAA's offices.

**(b)** The AAA will send a written notice letting the consumer and the business know the Demand for Arbitration has been received.

**(c)** The respondent may submit a written response to the Demand, known as an "answer," which describes how the respondent responds to the claimant's claim. The answer must be sent to the AAA within 14 calendar days after the date the AAA notifies the parties that the Demand for Arbitration was received and all filing requirements were met. The answer must be

- in writing,
- sent to the AAA, and
- sent to the claimant at the same time.

**(d)** The respondent may also file a counterclaim, which is the respondent filing a Demand against the claimant. If the respondent has a counterclaim, the counterclaim must briefly explain the dispute, specify the amount of money involved, and state what the respondent wants.

**(e)** If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant. The case will move forward after 14 days regardless of whether an answer is filed.

**(f)** When sending a Demand or an answer, the consumer and the business are encouraged to provide enough details to make the dispute clear to the arbitrator.

## R-3. Agreement to Arbitrate When There is No AAA Arbitration Clause

If the consumer and business do not have an arbitration agreement or their arbitration agreement does not name the AAA, the parties may agree to have the AAA arbitrate their dispute. To start the arbitration, the parties must send the AAA a submission agreement, which is an agreement to arbitrate their case with the AAA, signed by the consumer and the business (email communications between all parties to a dispute reflecting an agreement to arbitrate also is acceptable). The submission agreement must

- be in writing (electronic communication is acceptable);
- be signed by both parties;
- briefly explain the dispute;
- list the names and addresses of the consumer and the business;
- specify the amount of money involved;
- specify the requested location for the hearing if an in-person hearing is requested; and
- state the solution sought.

The parties should send one copy of the submission agreement to the AAA. They must also send the proper filing fees. A fee schedule can be found in the Costs of Arbitration section at the end of these Rules.

## R-4. AAA Administrative Fees

As a not-for-profit organization, the AAA charges fees to compensate it for the cost of providing administrative services. The fee schedule in effect when the case is filed shall apply for all fees charged during the administration of the case. The AAA may, in the event of the consumer's extreme hardship, defer or reduce the consumer's administrative fees.

AAA fees shall be paid in accordance with the Costs of Arbitration section found at the end of these Rules.

### R-5. Neutral Arbitrator's Compensation

**(a)** Arbitrators serving under these Rules shall be compensated at a rate established by the AAA.

**(b)** Any arrangement for the compensation of an arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

**(c)** Arbitrator compensation shall be paid in accordance with the Costs of Arbitration section found at the end of these Rules.

### R-6. Depositing Neutral Arbitrator's Compensation with the AAA

The AAA may require the parties to deposit in advance of any hearings such sums of money as it decides are necessary to cover the expense of the arbitration, including the arbitrator's fee, and shall render an accounting to the parties and return any unused money at the conclusion of the case.

### R-7. Expenses

Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne in accordance with the Costs of Arbitration section found at the end of these Rules.

### R-8. Changes of Claim

Once a Demand has been filed, any new claims or counterclaims, or changes to the claim or counterclaim, must be made in writing and sent to the AAA. The party making the new or different claim or counterclaim shall send a copy to the opposing party. As with the original Demand or counterclaim, a party shall have 14 calendar days from the date the AAA notifies the parties it received the new or different claim or counterclaim to file an answering statement with the AAA.

If an arbitrator has already been appointed, a new or different claim or counterclaim may only be considered if the arbitrator allows it.

## R-9. Small Claims Option for the Parties

If a party's claim is within the jurisdiction of a small claims court, either party may choose to take the claim to that court instead of arbitration as follows:

**(a)** The parties may take their claims to small claims court without first filing with the AAA.

**(b)** After a case is filed with the AAA, but before the arbitrator is formally appointed to the case by the AAA, a party can send a written notice to the opposing party and the AAA that it wants the case decided by a small claims court. After receiving this notice, the AAA will administratively close the case.

**(c)** After the arbitrator is appointed, if a party wants to take the case to small claims court and notifies the opposing party and the AAA, it is up to the arbitrator to determine if the case should be decided in arbitration or if the arbitration case should be closed and the dispute decided in small claims court.

## R-10. Administrative Conference with the AAA

At the request of any party or if the AAA should so decide, the AAA may have a telephone conference with the parties and/or their representatives. The conference may address issues such as arbitrator selection, the possibility of a mediated settlement, exchange of information before the hearing, timing of the hearing, the type of hearing that will be held, and other administrative matters.

## R-11. Fixing of Locale (the city, county, state, territory and or country where the arbitration will take place)

If an in-person hearing is to be held and if the parties do not agree to the locale where the hearing is to be held, the AAA initially will determine the locale of the arbitration. If a party does not agree with the AAA's decision, that party can ask the arbitrator, once appointed, to make a final determination. The locale determination will be made after considering the positions of the parties, the circumstances of the parties and the dispute, and the *Consumer Due Process Protocol.*

## R-12. Business Notification and Publicly-Accessible Consumer Clause Registry

Beginning September 1, 2014, a business that provides for or intends to provide for these Rules or another set of AAA Rules in a consumer contract (as defined in R-1) should

1. notify the AAA of the existence of such a consumer contract or of its intention to do so at least 30 days before the planned effective date of the contract.

2. provide the AAA a copy of the arbitration agreement.

Upon receiving the arbitration agreement, the AAA will review the agreement for material compliance with due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules* (see Rule 1(d)). There is a nonrefundable fee to conduct this initial review and maintain a publicly-available clause registry, which is detailed in the Costs of Arbitration section found at the end of these Rules. Any subsequent changes, additions, deletions, or amendments to a currently-registered arbitration agreement must be resubmitted for review and a review fee will be assessed at that time. The AAA will decline to administer consumer arbitrations arising out of that arbitration agreement where the business fails to pay the review fee.

If a business does not submit its arbitration agreement for review and a consumer arbitration then is filed with the AAA, the AAA will conduct an expedited review at that time. Along with any other filing fees that are owed for that case, the business also will be responsible for paying the nonrefundable review and Registry fee (including any fee for expedited review at the time of filing) for this initial review, which is detailed in the Costs of Arbitration section found at the end of these Rules. The AAA will decline to administer consumer arbitrations arising out of that arbitration agreement if the business declines to pay the review and Registry fee.

After the AAA reviews the submitted consumer clause, receives the annual consumer registry fee, and determines it will administer consumer-related disputes filed pursuant to the consumer clause, the business will be included on the publicly-accessible Consumer Clause Registry. This Consumer Clause Registry maintained by the AAA will contain the name of the business, the address, and the consumer arbitration clause, along with any related documents as deemed necessary by the AAA. The AAA's review of a consumer arbitration clause and determination whether or not to administer arbitrations pursuant to that clause is only an administrative determination by the AAA and cannot be

relied upon or construed as a legal opinion or advice regarding the enforceability of the arbitration clause. Consumer arbitration agreements may be registered at: **www.adr.org/consumerclauseregistry** or via email at **consumerreview@adr.org.**

For more information concerning the Consumer Clause Registry, please visit the AAA's website at **www.adr.org/consumerclauseregistry.**

The Registry fee to initially review a business's agreement and maintain the clause registry list is a yearly, non-refundable fee for the business's arbitration agreement. Any different arbitration agreements submitted by the same business or its subsidiaries must be submitted for review and are subject to the current review fee.

If the AAA declines to administer a case due to the business's non-compliance with this notification requirement, the parties may choose to submit their dispute to the appropriate court.

## R-13. AAA and Delegation of Duties

When the consumer and the business agree to arbitrate under these Rules or other AAA rules, or when they provide for arbitration by the AAA and an arbitration is filed under these Rules, the parties also agree that the AAA will administer the arbitration. The AAA's administrative duties are set forth in the parties' arbitration agreement and in these Rules. The AAA will have the final decision on which office and which AAA staff members will administer the case. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

## R-14. Jurisdiction

**(a)** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

**(b)** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**(c)** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

# Appointing the Arbitrator

## R-15. National Roster of Arbitrators

The AAA maintains a National Roster of Arbitrators ("National Roster") and shall appoint arbitrators from this National Roster to resolve the parties' dispute(s).

## R-16. Appointment from National Roster

(a) If the parties have not appointed an arbitrator and have not agreed to a process for appointing the arbitrator, immediately after the filing of the submission agreement or the answer, or after the deadline for filing the answer, the AAA will administratively appoint an arbitrator from the National Roster.

(b) If the parties' arbitration agreement provides for three or more arbitrators and they have not appointed the arbitrators and have not agreed to a process for appointing the arbitrators, immediately after the filing of the submission agreement or the answer, or after the deadline for filing the answer, the AAA will administratively appoint the arbitrators from the National Roster. The AAA will appoint the chairperson.

(c) Arbitrator(s) serving under these Rules will be neutral and must meet the standards of R-19 with respect to being impartial and independent.

## R-17. Number of Arbitrators

If the arbitration agreement does not specify the number of arbitrators and the parties do not agree on the number, the dispute shall be heard and decided by one arbitrator.

## R-18. Disclosure

(a) Any person appointed or to be appointed as an arbitrator, as well as the parties and their representatives, must provide information to the AAA of any circumstances likely to raise justifiable doubt as to whether the arbitrator can remain impartial or independent. This disclosure of information would include

(1) any bias;

(2) any financial interest in the result of the arbitration;

(3) any personal interest in the result of the arbitration; or

(4) any past or present relationship with the parties or their representatives.

Such obligation to provide disclosure information remains in effect throughout the arbitration. A failure on the part of a party or a representative to comply with the requirements of this rule may result in the waiver of the right to object to an arbitrator in accordance with Rule R-50.

**(b)** If the AAA receives such information from the arbitrator or another source, the AAA will communicate the information to the parties. If the AAA decides it is appropriate, it will also communicate the information to the arbitrator and others.

**(c)** In order to encourage disclosure by arbitrators, disclosing such information does not mean that the arbitrator considers the disclosed information will likely affect his or her ability to be impartial or independent.

## R-19. Disqualification of Arbitrator

**(a)** Any arbitrator shall be impartial and independent and shall perform his or her duties carefully and in good faith. The AAA may disqualify an arbitrator who shows

**(1)** partiality or lack of independence;

**(2)** inability or refusal to perform his or her duties with diligence and in good faith; or

**(3)** any grounds for disqualification provided by applicable law.

**(b)** If a party objects to the continued service of an arbitrator, or if the AAA should so decide to raise the issue of whether the arbitrator should continue on the case, the AAA will decide if the arbitrator should be disqualified. After gathering the opinions of the parties, the AAA will decide and that decision shall be final and conclusive.

## R-20. Vacancies

If for any reason an arbitrator cannot or is unwilling to perform the duties of the office, the AAA may declare the office vacant. Any vacancies shall be filled based on the original procedures used to appoint the arbitrator. If a substitute arbitrator is appointed, the substitute arbitrator will decide if it is necessary to repeat all or part of any prior ruling or hearing.

# Pre-Hearing Preparation

## R-21. Preliminary Management Hearing with the Arbitrator

**(a)** If any party asks for, or if the AAA or the arbitrator decides to hold one, the arbitrator will schedule a preliminary management hearing with the parties and/or their representatives as soon as possible. The preliminary management hearing will be conducted by telephone unless the arbitrator decides an in-person preliminary management hearing is necessary.

**(b)** During the preliminary management hearing, the parties and the arbitrator should discuss the future conduct of the case, including clarification of issues and claims, scheduling of the hearings, and any other preliminary matters.

**(c)** The arbitrator shall promptly issue written orders that state the arbitrator's decisions made during or as a result of the preliminary management hearing. The arbitrator may also conduct additional preliminary management hearings if the need arises.

## R-22. Exchange of Information between the Parties

**(a)** If any party asks or if the arbitrator decides on his or her own, keeping in mind that arbitration must remain a fast and economical process, the arbitrator may direct

**1)** specific documents and other information to be shared between the consumer and business, and

**2)** that the consumer and business identify the witnesses, if any, they plan to have testify at the hearing.

**(b)** Any exhibits the parties plan to submit at the hearing need to be shared between the parties at least five business days before the hearing, unless the arbitrator sets a different exchange date.

**(c)** No other exchange of information beyond what is provided for in section (a) above is contemplated under these Rules, unless an arbitrator determines further information exchange is needed to provide for a fundamentally fair process.

**(d)** The arbitrator has authority to resolve any disputes between the parties about exchanging information.

## R-23. Enforcement Powers of the Arbitrator

The arbitrator may issue any orders necessary to enforce the provisions of rules R-21 and R-22 and to otherwise achieve a fair, efficient, and economical resolution of the case, including, but not limited to:

**(a)** an order setting the conditions for any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing in order to preserve such confidentiality;

**(b)** to the extent the exchange of information takes place pursuant to R-22, imposing reasonable search limitations for electronic and other documents if the parties are unable to agree;

**(c)** allocating costs of producing documentation, including electronically-stored documentation;

**(d)** in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance; and

**(e)** issuing any other enforcement orders that the arbitrator is empowered to issue under applicable law.

## R-24. Written Motions (except for Dispositive Motions—see R-33)

The arbitrator may consider a party's request to file a written motion (except for Dispositive Motions— see R-33) only after the parties and the arbitrator conduct a conference call to attempt to resolve the issue that gives rise to the proposed motion. Only after the parties and the arbitrator hold the call may the arbitrator consider a party's request to file a written motion. The arbitrator has the sole discretion to allow or deny the filing of a written motion and his or her decision is final.

## R-25. Representation of a Party

Any party may participate in the arbitration without representation, or may be represented by counsel or other authorized representative, unless such choice is prohibited by applicable law. A party intending to be represented shall give the opposing party and the AAA the name, address, and contact information of the representative at least three business days before the hearing where that representative will first appear in the case. It will be considered proper notice if a representative files the arbitration demand or answer or responds for a party during the course of the arbitration.

While parties do not need an attorney to participate in arbitration, arbitration is a final, legally-binding process that may impact a party's rights. As such, parties may want to consider consulting an attorney.

## R-26. Setting the Date, Time, and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator will set the date, time, and place for each hearing within the locale as determined in R-11. A hearing may be by telephone or in person. For their part, the parties commit to

**(1)** respond promptly to the arbitrator when he or she asks what dates the parties
are available to have the hearings;

**(2)** cooperate in the scheduling of the hearing on the earliest possible date; and

**(3)** follow the hearing schedule set up by the arbitrator.

The AAA will send a notice of the hearing to the parties at least 10 days before the hearing date, unless the parties agree to a different time frame.

## R-27. Written Record of Hearing

**(a)** If a party wants a written record of the hearing, that party must make such arrangement directly with a stenographer (court reporter) and notify the opposing parties, the AAA, and the arbitrator of these arrangements at least three business days before the hearing. The party or parties who request the written record shall pay the cost of the service.

**(b)** No other type of recording will be allowed unless the parties agree or the arbitrator directs a different form of recording.

**(c)** The arbitrator may resolve disputes between the parties over who will pay the costs of the written record or other type of recording.

**(d)** The parties can agree or the arbitrator may decide that the transcript (written record) is the official record of the hearing. If it is the official record of the hearing, the transcript must be given to the arbitrator and made available to all the parties so that it can be reviewed. The date, time, and place of the inspection will be decided by the arbitrator.

## R-28. Interpreters

If a party wants an interpreter present for any part of the process, that party must make arrangements directly with the interpreter and shall pay for the costs of the service.

## R-29. Documents-Only Procedure

Disputes may be resolved by submission of documents and without in-person or telephonic hearings. For cases being decided by the submission of documents only, the *Procedures for the Resolution of Disputes through Document Submission* (found at the end of these Rules) shall supplement these Rules. These Procedures will apply where no disclosed claims or counterclaims exceed $25,000 (see R-1(g)), unless any party requests an in-person or telephonic hearing or the arbitrator decides that a hearing is necessary.

Rules Amended and Effective September 1, 2014. Costs of Arbitration Amended and Effective November 1, 2020.

CONSUMER  **23**

# Hearing Procedures

## R-30. Attendance at Hearings

The arbitrator and the AAA will keep information about the arbitration private except to the extent that a law provides that such information shall be shared or made public. The parties and their representatives in the arbitration are entitled to attend the hearings. The arbitrator will determine any disputes over whether a non-party may attend the hearing.

## R-31. Oaths

Before starting the hearing, each arbitrator may take an oath of office and, if required by law, shall do so. If the arbitrator determines that witnesses shall testify under oath, then the arbitrator will direct the oath be given by a duly-qualified person.

## R-32. Conduct of Proceedings

**(a)** The claimant must present evidence to support its claim. The respondent must then present evidence to support its defense. Witnesses for each party also must answer questions from the arbitrator and the opposing party. The arbitrator may change this procedure, as long as each party has the right to be heard and is given a fair opportunity to present its case.

**(b)** When the arbitrator decides it is appropriate, the arbitrator may also allow the parties to present evidence in alternative ways, including web conferencing, Internet communication, and telephonic conferences. All procedures must provide the parties with a full and equal opportunity to present any evidence that the arbitrator decides is material and relevant to deciding the dispute. If the alternative ways to present evidence involve witnesses, those ways may include that the witness submit to direct and cross-examination questioning.

**(c)** The arbitrator will use his or her discretion to resolve the dispute as quickly as possible and may direct the parties to present the evidence in a certain order, or may split the proceedings into multiple parts and direct the parties in the presentation of evidence.

**(d)** The hearing generally will not exceed one day. However, if a party shows good cause, the arbitrator may schedule additional hearings within seven calendar days after the initial day of hearing.

**(e)** The parties may agree in writing to waive oral hearings.

## R-33. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

## R-34. Evidence

**(a)** The parties may offer relevant and material evidence and must produce any evidence the arbitrator decides is necessary to understand and decide the dispute. Following the legal rules of evidence shall not be necessary. All evidence should be taken in the presence of the arbitrator and all of the parties, unless any of the parties is absent, in default, or has waived the right to be present.

**(b)** The arbitrator shall determine what evidence will be admitted, what evidence is relevant, and what evidence is material to the case. The arbitrator may also exclude evidence that the arbitrator decides is cumulative or not relevant.

**(c)** The arbitrator shall consider applicable principles of legal privilege, such as those that involve the confidentiality of communications between a lawyer and a client.

**(d)** An arbitrator or other person authorized by law to subpoena witnesses or documents may do so on the request of any party or on the arbitrator's own determination. If a party requests the arbitrator sign a subpoena, that party shall copy the request to the other parties in the arbitration at the same time it is provided to the arbitrator.

## R-35. Evidence by Affidavit and Post-Hearing Filing of Documents or Other Evidence

**(a)** The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit rather than in-person testimony but will give this evidence only such credence as the arbitrator decides is appropriate. The arbitrator will consider any objection to such evidence made by the opposing party.

**(b)** If the parties agree or the arbitrator decides that documents or other evidence need to be submitted to the arbitrator after the hearing, those documents or other evidence will be filed with the AAA so that they can be sent to the arbitrator. All parties will be given the opportunity to review and respond to these documents or other evidence.

## R-36. Inspection or Investigation

An arbitrator finding it necessary to inspect property or conduct an investigation in connection with the arbitration will request that the AAA inform the parties. The arbitrator will set the date and time of the inspection and investigation, and the AAA will notify the parties. Any party who would like to be present at the

inspection or investigation may attend. If one or all parties are not present at the inspection or investigation, the arbitrator will make an oral or written report to the parties and allow them an opportunity to comment.

## R-37. Interim Measures (a preliminary decision made by the arbitrator involving part or all of the issue(s) in dispute in the arbitration)

**(a)** The arbitrator may grant whatever interim measures he or she decides are necessary, including granting an injunction and ordering that property be protected.

**(b)** Such interim measures may take the form of an interim award, and the arbitrator may require a security payment for the costs of such measures.

**(c)** When making a decision on an interim measure, the arbitrator may grant any remedy, relief, or outcome that the parties could have received in court.

**(d)** A party to an arbitration agreement under these Rules may instead file in state or federal court for interim relief. Applying to the court for this type of relief, including temporary restraining orders, is consistent with the agreement to arbitrate and will not be considered a waiver of the right to arbitrate.

## R-38. Postponements

The arbitrator may postpone any hearing

**(a)** if requested by a party, and the party shows good cause for the postponement;

**(b)** if all parties agree to a postponement;

**(c)** on his or her own decision.

## R-39. Arbitration in the Absence of a Party or Representative

The arbitration may proceed even if any party or representative is absent, so long as proper notice was given and that party or representative fails to appear or obtain a postponement from the arbitrator. An award cannot be made only because of the default of a party. The arbitrator shall require the party who participates in the hearing to submit the evidence needed by the arbitrator to make an award.

# Conclusion of the Hearing

## R-40. Closing of Hearing

The arbitrator must specifically ask all parties whether they have any further proofs to offer or witnesses to be heard. When the arbitrator receives negative replies or he or she is satisfied that the record is complete, the arbitrator will declare the hearing closed.

If briefs or other written documentation are to be filed by the parties, the hearing shall be declared closed as of the final date set by the arbitrator. Absent agreement of the parties, the time that the arbitrator has to make the award begins upon the closing of the hearing. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

## R-41. Reopening of Hearing

If a party requests, or if the arbitrator decides to do so, the hearing may be reopened at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. If the arbitrator reopens the hearing, he or she shall have 30 days from the closing of the reopened hearing within which to make an award.

## R-42. Time of Award

The award shall be issued promptly by the arbitrator and, unless the parties agree differently or the law indicates a different time frame, no later than 30 calendar days from the date the hearing is closed, or, if the case is a documents-only procedure, 14 calendar days from the date the arbitrator set for his or her receipt of the final statements and proofs. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

## R-43. Form of Award

**(a)** Any award shall be in writing and executed in the form and manner required by law.

**(b)** The award shall provide the concise written reasons for the decision unless the parties all agree otherwise. Any disagreements over the form of the award shall be decided by the arbitrator.

**(c)** The AAA may choose to publish an award rendered under these Rules; however, the names of the parties and witnesses will be removed from awards that are published, unless a party agrees in writing to have its name included in the award.

## R-44. Scope of Award

**(a)** The arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law(s) that applies to the case.

**(b)** In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and divide up the fees, expenses, and compensation related to such award as the arbitrator decides is appropriate, subject to the provisions and limitations contained in the Costs of Arbitration section.

**(c)** The arbitrator may also allocate compensation, expenses as defined in sections (v) and (vii) of the Costs of Arbitration section, and administrative fees (which include Filing and Hearing Fees) to any party upon the arbitrator's determination that the party's claim or counterclaim was filed for purposes of harassment or is patently frivolous.

**(d)** In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-4, R-5, and R-7 in favor of any party, subject to the provisions and limitations contained in the Costs of Arbitration section.

## R-45. Award upon Settlement

If the parties settle their dispute at any point during the arbitration and at the parties' request, the arbitrator may lay out the terms of the settlement in a "consent award" (an award drafted and signed by the arbitrator that reflects the settlement terms of the parties). A consent award must include a division of the arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses. Consent awards will not be made available to the public per Rule 43(c) unless the parties agree otherwise.

## R-46. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

## R-47. Modification of Award for Clerical, Typographical, or Mathematical Errors

**(a)** Within 20 days after the award is transmitted, any party, upon notice to the opposing parties, may contact the AAA and request that the arbitrator correct any clerical, typographical, or mathematical errors in the award. The arbitrator has no power to re-determine the merits of any claim already decided.

**(b)** The opposing parties shall be given 10 days to respond to the request. The arbitrator shall make a decision on the request within 20 days after the AAA transmits the request and any responses to the arbitrator.

**(c)** If applicable law provides a different procedural time frame, that procedure shall be followed.

# Post Hearing

## R-48. Release of Documents for Judicial Proceedings

The AAA shall give a party certified copies of any records in the AAA's possession that may be required in judicial proceedings relating to the arbitration, except for records determined by the AAA to be privileged or confidential. The party will have to pay a fee for this service.

## R-49. Applications to Court and Exclusion of Liability

**(a)** No court or judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

**(b)** Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary or proper party in judicial proceedings relating to the arbitration.

**(c)** Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

**(d)** Parties to an arbitration under these Rules shall be deemed to have consented that neither the AAA, AAA employees, nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

**(e)** Parties to an arbitration under these Rules may not call the arbitrator, the AAA, or any AAA employee as a witness in litigation or any other proceeding relating to the arbitration. The arbitrator, the AAA, and AAA employees are not competent to and may not testify as witnesses in any such proceeding.

# General Procedural Rules

## R-50. Waiver of Rules

If a party knows that any of these Rules have not been followed, it must object in writing before proceeding with arbitration or it will lose its right to object that the rule has not been followed.

## R-51. Extensions of Time

The parties may agree to change any period of time provided for in the Rules, except that any such modification that negatively affects the efficient resolution of the dispute is subject to review and approval by the arbitrator. The AAA or the arbitrator may for good cause extend any period of time in these Rules, except as set forth in R-42. The AAA will notify the parties of any extension.

## R-52. Serving of Notice and AAA and Arbitrator Communications

**(a)** Any papers or notices necessary for the initiation or continuation of an arbitration under these Rules, or for the entry of judgment on any award made under these Rules, may be served on a party by mail or email addressed to the party or its representative at the last-known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

**(b)** The AAA, the arbitrator, and the parties also may use overnight delivery, electronic facsimile transmission (fax), or electronic mail (email) to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be sent by other methods of communication.

**(c)** Unless directed differently by the AAA or by the arbitrator, any documents and all written communications submitted by any party to the AAA or to the arbitrator also shall be sent at the same time to all parties to the arbitration.

**(d)** A failure to provide the other parties with copies of communications made to the AAA or to the arbitrator may prevent the AAA or the arbitrator from acting on any requests or objections contained within those communications.

**(e)** A party and/or someone acting on behalf of a party cannot have any communications with an arbitrator or a potential arbitrator about the arbitration outside of the presence of the opposing party. All such communications shall be conducted through the AAA.

**(f)** The AAA may direct that any oral or written communications that are sent by a party or their representative shall be sent in a particular manner. The failure of a party or its representative to do so may result in the AAA's refusal to consider the issue raised in the communication.

Rules Amended and Effective September 1, 2014. Costs of Arbitration Amended and Effective November 1, 2020.

CONSUMER **31**

## R-53. Interpretation and Application of Rules

The arbitrator shall interpret and apply these Rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other Rules shall be interpreted and applied by the AAA.

## R-54. Remedies for Nonpayment

**(a)** If arbitrator compensation or administrative charges have not been paid in full, the AAA may inform the parties so that one of them may forward the required payment.

**(b)** Once the AAA informs the parties that payments have not been received, a party may request an order from the arbitrator directing what measures might be taken in light of a party's nonpayment.

Such measures may include limiting a party's ability to assert or pursue its claim. However, a party shall never be precluded from defending a claim or counterclaim. The arbitrator must provide the party opposing a request for relief with the opportunity to respond prior to making any determination. In the event that the arbitrator grants any request for relief that limits any party's participation in the arbitration, the arbitrator will require the party who is making a claim and who has made appropriate payments to submit the evidence required to make an award.

**(c)** Upon receipt of information from the AAA that full payments have not been received, the arbitrator, on the arbitrator's own initiative, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

**(d)** If arbitrator compensation or AAA administrative fees remain unpaid after a determination to suspend an arbitration due to nonpayment, the arbitrator has the authority to terminate the proceedings. Such an order shall be in writing and signed by the arbitrator. The impact of the termination for nonpayment of the Consumer Clause Registry fee is the removal from the "Registered" section of the Registry.

## R-55. Declining or Ceasing Arbitration

The AAA in its sole discretion may decline to accept a Demand for Arbitration or stop the administration of an ongoing arbitration due to a party's improper conduct, including threatening or harassing behavior towards any AAA staff, an arbitrator, or a party or party's representative.

# Costs of Arbitration

Where the AAA determines that a business's failure to pay their portion of arbitration costs is a violation of the *Consumer Arbitration Rules,* the AAA may decline to administer future consumer arbitrations with that business.

| Party | Desk/Documents-Only Arbitration | In-Person, Virtual or Telephonic Hearing Arbitration |
|---|---|---|
| Individual | **Single Consumer Case Filing Fee:** $200<br><br>**Multiple Consumer Case Filing Fee:** $100 or $50 per case depending on tier<br><br>$0 if Case Filed by Business | **Single Consumer Case Filing Fee:** $200<br><br>**Multiple Consumer Case Filing Fee:** $100 or $50 per case depending on tier<br><br>$0 if Case Filed by Business |
| Business | **Single Consumer Case Filing Fee:** $300 for 1 or $425 for 3 arbitrators is due once the individual claimant meets the filing requirements; $500 for 1 arbitrator or $625 for 3 arbitrators if Case Filed by Business is due at the time the arbitration is filed.<br><br>**Multiple Consumer Case Filing Fee:** $300, $225, $150, or $75 per case depending on tier, due once the individual claimant meets the filing requirements; Business must pay both the Individual's Filing Fee and Business's Filing Fee if the case is filed by Business, due at the time the arbitration is filed.<br><br>**Case Management Fee:** $1,400 for 1 arbitrator or $1,775 for 3 arbitrators will be assessed and must be paid prior to the arbitrator appointment process.<br><br>**Arbitrator Compensation:** $1,500 per case* | **Single Consumer Filing Fee:** $300 for 1 or $425 for 3 arbitrators is due once the individual claimant meets the filing requirements; $500 for 1 arbitrator or $625 for 3 arbitrators if Case Filed by Business is due at the time the arbitration is filed.<br><br>**Multiple Consumer Case Filing Fee:** $300, $225, $150, or $75 per case depending on tier, due once the individual claimant meets the filing requirements; Business must pay both the Individual's Filing Fee and Business's Filing Fee if the case is filed by Business, due at the time the arbitration is filed.<br><br>**Case Management Fee:** $1,400 for 1 arbitrator or $1,775 for 3 arbitrators will be assessed and must be paid prior to the arbitrator appointment process.<br><br>**Hearing Fee:** $500<br><br>**Arbitrator Compensation:** $2,500 per day of hearing* per arbitrator |

Rules Amended and Effective September 1, 2014. Costs of Arbitration Amended and Effective November 1, 2020.

CONSUMER   **33**

| Party | Desk/Documents-Only Arbitration | In-Person, Virtual or Telephonic Hearing Arbitration |
|---|---|---|
| | *A Desk/Documents-Only Case will not exceed document submissions of more than 100 pages in total and 7 total hours of time for the arbitrator to review the submissions and render the Award.<br><br>Beyond 100 pages and 7 hours of time, the business will be responsible for additional arbitrator compensation at a rate of $300 per hour. Arbitrator compensation is not subject to reallocation by the arbitrator(s) except as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous. | *The arbitrator compensation encompasses one preliminary conference, one day of in-person, virtual or telephonic hearing, and one final award. For cases with additional procedures, such as multiple telephone conferences, motion practice, post-hearing briefing, interim or partial awards, awards containing findings of fact and conclusions of law, or other processes not provided for in the Rules, the business will be responsible for additional arbitrator compensation. Arbitrator compensation is not subject to reallocation by the arbitrator(s) except as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous. |

## AAA Administrative Fees

In cases where the business is the filing party, either as the claimant or filing on behalf of the individual, the business shall be responsible for all administrative fees that includes, filing fees, case management fees and hearing fees charged by the AAA.

Arbitrator compensation is not included as a part of the AAA's administrative fees.

Note that with regard to all AAA administrative fees, the AAA retains the discretion to interpret and apply this fee schedule to a particular case or cases.

### (i) Filing Fees*

The business's share of the filing fees is due as soon as the AAA confirms in writing that the individual filing meets the filing requirements, even if the matter is settled or withdrawn.

There shall be no filing fee charged for a counterclaim.

*Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA at 1-800-778-7879, if you have any questions regarding the waiver of administrative fees. (Effective January 1, 2003)

*Pursuant to New Jersey Statutes § 2A:23B-1 et seq, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the New Jersey Arbitration Act, and to all consumer arbitrations conducted in New Jersey. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA at 1-800-778-7879, if you have any questions regarding the waiver of administrative fees. (Effective May 1, 2020)*

A. <u>Single Consumer Case Filing</u>:

In cases before a single arbitrator where the individual is the Claimant, a **non-refundable\*\*** filing fee, capped in the amount of $200, is payable in full by the individual when a case is filed unless the parties' agreement provides that the individual pay less. A **non-refundable** filing fee in the amount of $300 is payable by the business once the individual claimant meets the filing requirements, unless the parties' agreement provides that the business pay more.

In cases before three or more arbitrators, where the individual is the Claimant, a **non-refundable\*\*** filing fee capped in the amount of $200 is payable in full by the individual when a case is filed, unless the parties' agreement provides that the individual pay less. A **non-refundable** filing fee in the amount of $425 is payable by the business once the individual claimant meets the filing requirements, unless the parties' agreement provides that the business pay more.

In cases where the business is the Claimant, the business shall be responsible for all filing fees. The **non-refundable** filing fee is $500 for a single arbitrator or $625 for 3 arbitrators.

*\*\*In the event the single consumer case filing is closed due to non-payment of initial filing fees by the business the AAA will return any filing fee received from the individual.*

B. <u>Multiple Consumer Case Filings</u>:

These multiple consumer case filings fees will apply to all cases when the American Arbitration Association (AAA) determines in its sole discretion that the following conditions are met:

a. Twenty-five (25) or more similar claims for arbitration or mediation are filed,

b. Claims are against or on behalf of the same party or parties, and

c. Counsel for the parties is consistent or coordinated across all cases.

All fees listed below are **non-refundable**\*** and will be assessed to the parties as described below, unless the clause provides that the individual pay less or the clause provides that the business is responsible for the entire fee.

*\*\*\*In the event any multiple case filings are closed due to non-payment of filing fees by the business, the AAA will return any filing fees received from the individuals. Filing fees are non-refundable in the event the cases are closed due to settlement or withdrawal.*

AAA, in its sole discretion, may consider an alternative payment process for multiple case filings.

**Filing Fees For Cases Filed by the Individuals:**

AAA reserves the right to determine what tier of fees applies to multiple cases filed subsequent to the initial filing.

For multiple case filings that contain more than 500 cases, each tier will be applied to the number of cases that fall within that tier.

| | First 500 Cases | Cases 501 to 1,500 | Cases 1,501 to 3,000 | Cases 3,001 and beyond |
|---|---|---|---|---|
| Individual filing fee per case | $100 | $50 | $50 | $50 |
| Business filing fee per case | $300 | $225 | $150 | $75 |

## (ii) Case Management Fees

A non-refundable case management fee of $1,400 for 1 arbitrator or $1,775 for 3 arbitrators will be assessed to the business and must be paid prior to the arbitrator appointment process.

## (iii) Hearing Fees

For telephonic hearings, virtual hearings or in-person hearings held, a Hearing Fee of $500 is payable by the business. If a case is settled or withdrawn prior to

the hearing taking place, the Hearing Fee will be refunded, or cancelled if not yet paid. However, if the AAA is not notified of a cancellation at least two business days before a scheduled hearing, the Hearing Fee will remain due and will not be refunded.

There is no AAA hearing fee for an Administrative Conference (see R-10).

## Neutral Arbitrator's Compensation

The business shall pay the arbitrator's compensation unless the individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation.

- **<u>Desk/Documents-Only Arbitration</u>** – Arbitrators serving on a desk/documents-only arbitration will receive compensation at a rate of $1,500 per case. A desk/documents-only arbitration will not exceed document submissions of more than 100 pages in total and 7 total hours of time for the arbitrator to review the submissions and render the Award. Beyond 100 pages and 7 hours of time, the business will be responsible for additional arbitrator compensation at a rate of $300 per hour.

- **<u>In-Person, Virtual or Telephonic Hearing Arbitration</u>** – Arbitrators serving on an in-person, virtual or telephonic hearing arbitration case will receive compensation at a rate of $2,500 per day of hearing per arbitrator. The arbitrator compensation encompasses one preliminary conference, one day of in-person, virtual or telephonic hearing, and one final award. For cases with additional procedures, such as multiple telephone conferences, motion practice, post-hearing briefing, interim or partial awards, awards containing findings of fact and conclusions of law, or other processes not provided for in the Rules, the business will be responsible for additional arbitrator compensation.

Once a Preliminary Management Hearing is held by the arbitrator, the arbitrator is entitled to one-half of the arbitrator compensation rate. Once evidentiary hearings are held or all parties' documents are submitted for a desk/documents-only arbitration, the arbitrator is entitled to the full amount of the arbitrator compensation rate.

For in-person, virtual or telephonic hearing arbitrations, if an evidentiary hearing is cancelled fewer than 2 business days before the hearing, the arbitrator is entitled to receive compensation at the first day of hearing rate.

Any determination by the AAA on whether the business will be responsible for additional arbitrator compensation is in the sole discretion of the AAA and such decision is final and binding.

Rules Amended and Effective September 1, 2014. Costs of Arbitration Amended and Effective November 1, 2020.

CONSUMER  **37**

# Reallocation of Arbitrator Compensation, AAA Administrative Fees and Certain Expenses

Arbitrator compensation, expenses, and administrative fees (which include Filing Fees, Case Management Fees and Hearing Fees) are not subject to reallocation by the arbitrator(s) except as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

# Hearing Room Rental

The hearing fees described above do not cover the rental of hearing rooms. The AAA maintains hearing rooms for rent in most offices for the convenience of the parties. Check with the administrator for availability and rates. Hearing room rental fees will be borne by the business.

# Abeyance Fee

(i) For Single Consumer Case Filing

Parties on cases held as inactive for one year will be assessed an annual abeyance fee of $500. If a party refuses to pay the assessed fee, the opposing party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be administratively closed. All filing requirements, including payment of filing and other administrative fees, must be met before a matter may be placed in abeyance.

(ii) For Multiple Consumer Case Filings

Should the cases be stayed to allow for settlement negotiations or for any other reason, including judicial intervention, the AAA shall assess a single, **non-refundable** administrative fee of $2,500 for the stayed cases, and an additional, single, non-refundable administrative fee of $2,500 for the stayed cases every six months the cases are held in abeyance. All abeyance fees are to be paid by the business. All filing requirements, including payment of filing and other administrative fees, must be met before a matter may be placed in abeyance.

## Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the business.

## Consumer Clause Review and Registry Fee

Please note that all fees described below are **non-refundable.**

For businesses submitting a clause, the cost of reviewing the clause and maintaining that clause on the Registry is $500. A yearly Registry fee of $500 will be charged to maintain each clause on the Registry for each calendar year thereafter.

If the AAA receives a demand for consumer arbitration arising from an arbitration clause that was not previously submitted to the AAA for review and placement on the Registry, the business will incur an additional $250 fee for the AAA to conduct an immediate review of the clause.

Any subsequent changes, additions, deletions, or amendments to a currently registered arbitration agreement must be submitted for review and a review fee of $500 will be assessed at that time.

## AAA Mediation Fees for Multiple Consumer Case Filings

For cases that are determined by the AAA to fall under the Multiple Consumer Case Filing fees section of this Costs of Arbitration fee schedule, the cost of mediation is based on the hourly or daily mediation rate published on the mediator's AAA profile. In addition, the administrative fee for AAA to initiate the mediation process for the multiple consumer case filings is $10,000 plus $75 per hour for each hour billed by the mediator. The business shall be responsible for these administrative fees, unless the parties agree otherwise.

The $10,000 mediation initiation fee is due prior to the appointment of the mediator. If mediation is commenced after multiple consumer case filings have been filed, and the parties agree to stay the arbitrations to pursue mediation, any unpaid arbitration related administrative filing fees will become due if the arbitration process starts again. If the arbitration related administrative filing fees

are paid prior to the parties commencing mediation, then the AAA may, in its sole discretion, determine to waive the $10,000 mediation initiation fee.

## AAA Administered Settlement Approval Process for Multiple Consumer Case Filings

For cases that are determined by the AAA to fall under the Multiple Consumer Case Filing fees section of this Costs of Arbitration fee schedule, where by law, court order and/or party agreement, the parties require a third party neutral to review and approve settlements, the fee for the AAA to provide administrative services for the purposes of a neutral to review and approve settlements is a flat rate of $3,250 plus $2,500 every six months thereafter that the cases remain open. The compensation of the neutral is $2,500. The business is responsible for all AAA fees and compensation referenced in this section.

## Fees for Additional Services

The AAA reserves the right to assess additional administrative fees for services performed by the AAA beyond those provided for in the *Consumer Arbitration Rules* and which may be required by the parties' agreement or stipulation.

# Procedures for the Resolution of Disputes through Document Submission

## D-1. Applicability

**(a)** In any case, regardless of claim size, the parties may agree to waive in-person/telephonic hearings and resolve the dispute through submission of documents to one arbitrator. Such agreement should be confirmed in writing no later than the deadline for the filing of an answer.

**(b)** Where no disclosed claims or counterclaims exceed $25,000, the dispute shall be resolved by these Procedures, unless a party asks for a hearing or the arbitrator decides that a hearing is necessary.

**(c)** If one party makes a request to use the Procedures for the Resolution of Disputes through Document Submission (Procedures) and the opposing party is unresponsive, the arbitrator shall have the power to determine whether to proceed under the Procedures. If both parties seek to use the Procedures after the appointment of an arbitrator, the arbitrator must also consent to the process.

**(d)** When parties agree to these Procedures, the procedures in Sections D-1 through D-4 of these Rules shall supplement other portions of these rules which are not in conflict with the Procedures.

## D-2. Preliminary Management Hearing

Within 14 calendar days of confirmation of the arbitrator's appointment, the arbitrator shall convene a preliminary management hearing, via conference call, video conference, or internet, to establish a fair and equitable procedure for the submission of documents, and, if the arbitrator deems appropriate, a schedule for one or more telephonic or electronic conferences.

## D-3. Removal from the Procedures

**(a)** The arbitrator has the discretion to remove the case from the Procedures if the arbitrator determines that an in-person or telephonic hearing is necessary.

**(b)** If the parties agree to in-person or telephonic hearings after a previous agreement to proceed under the Procedures, the arbitrator shall conduct such hearings. If a party seeks to have in-person or telephonic hearings after agreeing to the Procedures, but there is not agreement among the parties to proceed with in-person or telephonic hearings, the arbitrator shall resolve the issue after the parties have been given the opportunity to provide their respective positions on the issue.

## D-4. Time of Award

**(a)** The arbitrator shall establish the date for either final written submissions or a final telephonic or electronic conference. Such date shall operate to close the hearing, and the time for the rendering of the award shall commence on that day as well.

**(b)** The arbitrator shall render the award within 14 calendar days from the date the hearing is closed.

**(c)** The award is subject to all other provisions of these Rules that pertain to awards.

# Glossary of Terms

## Administrator

The Administrator's role is to manage the administrative aspects of the arbitration, such as the appointment of the arbitrator, to make preliminary decisions about where hearings might take place, and to handle the fees associated with the arbitration. As Administrator, however, the Administrator does not decide the merits of a case or make any rulings on issues such as what documents must be shared with each side. Because the Administrator's role is only administrative, the Administrator cannot overrule or change an arbitrator's decisions or rulings. The Administrator will comply with any court orders issued from litigation involving the parties to the dispute.

## ADR Agreement

An ADR Agreement is an agreement between a business and a consumer to submit disputes to mediation, arbitration, or other ADR processes.

## ADR Process

An ADR (Alternative Dispute Resolution) Process is a method of resolving a dispute other than by court litigation. Mediation and Arbitration are the most widely used ADR processes.

## ADR Program

An ADR Program is any program or service set up or used by a business to resolve disputes out of court.

## Arbitration

In arbitration, the parties submit disputes to an impartial person (the arbitrator) for a decision. Each party can present evidence to the arbitrator. Arbitrators do not have to follow the Rules of Evidence used in court.

Arbitrators decide cases with written decisions or "awards." An award is usually binding on the parties. A court may enforce an arbitration award and the court's review of arbitration awards is limited.

Rules Amended and Effective September 1, 2014. Costs of Arbitration Amended and Effective November 1, 2020.

CONSUMER   43

## Arbitration Agreement

An arbitration agreement is a contract between parties to settle their disputes by binding arbitration. It is typically found in the parties' contract in a section entitled "Arbitration" or "Dispute Resolution." It gives the parties information about how they are choosing to settle any disputes that they might have.

## Arbitrator

Arbitrators are neutral and independent decision makers who are not employees of the administrator. Except where the parties to a case reach their own settlement, the Arbitrator will make the final, binding decision on the dispute and render it in writing, called the Award. The Arbitrator makes all the procedural decisions on a case not made by the administrator or not decided jointly by the parties. The Arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with the law(s) that applies to the case.

Once appointed to a case, an Arbitrator may not be removed by one party without the other party's consent or unless the administrator determines an Arbitrator should be removed and replaced by another Arbitrator chosen by the administrator in a manner described in these Rules.

## Case Administrator

The Case Administrator is the AAA's employee assigned to handle the administrative aspects of the case. He or she does not decide the case. He or she manages the case's administrative steps, such as exchanging documents, matching schedules, and setting up hearings. The Case Administrator is the parties' contact point for almost all aspects of the case outside of any hearings.

## Claimant

A Claimant is the party who files the claim or starts the arbitration. Either the consumer or the business may be the Claimant.

## Demand for Arbitration (also referred to as "Demand")

The written document created by the claimant that informs the respondent that it wishes to arbitrate a dispute. This document provides basic information about

the dispute, the parties involved and what the claimant wants as a result of the arbitration.

## Documents-Only Arbitration

In a Documents-Only Arbitration, the parties submit their arguments and evidence to the arbitrator in writing. The arbitrator then makes an award based only on the documents. No in-person or telephone hearing is held.

## Independent ADR Institution

An Independent ADR Institution is an organization that provides independent and impartial administration of ADR programs for consumers and businesses. The American Arbitration Association is an Independent ADR Institution.

## In-Person Hearing

During an In-Person Hearing, the parties and the arbitrator meet in a conference room or office and the parties present their evidence in a process that is similar to going to court. However, an In-Person Hearing is not as formal as going to court.

## Mediation

In Mediation, an impartial person (the mediator) helps the parties try to settle their dispute by reaching an agreement together. A mediator's role is to help the parties come to an agreement. A mediator does not arbitrate or decide the outcome.

## Neutral

A "Neutral" is a mediator, arbitrator, or other independent, impartial person selected to serve as the independent third party in an ADR process.

## Party

The party is the person(s) or business that is involved in the dispute in the arbitration process. Usually, these are the people or businesses that have an arbitration agreement between them that specifies that a dispute should be resolved by arbitration.

## Parties

Parties are all the separate individuals, businesses, or organizations involved in the arbitration.

## Opposing Party

The opposing party is the other party that is on the opposite side of the arbitration from you. If you are the claimant, the Opposing Party is the respondent. If you are the respondent, the Opposing Party is the claimant. If you are the consumer, the Opposing Party is the business. If you are the business, the Opposing Party is the consumer.

## Respondent

The respondent is the party against whom the claim is filed. If a Respondent states a claim in arbitration, it is called a counterclaim. Either the consumer or the business may be the Respondent.

## Telephone Hearing

In a Telephone Hearing, the parties have the opportunity to tell the arbitrator about their case during a conference call. They also present their evidence to the arbitrator during the call. Often this is done after the parties have sent in documents for the arbitrator to review.

*© 2020 American Arbitration Association®, Inc. All rights reserved. These rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.*



# DOCUMENT NO. 2

# Supplementary Rules for Multiple Case Filings



AMERICAN ARBITRATION ASSOCIATION®

Rules Effective August 1, 2021

Available online at **adr.org**

# Table of Contents

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    MC-1. Applicability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    MC-2. Filing Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    MC-3. Serving of Documents, Notices, and Communications . . . . . . . . . . . . . . . . . . . . . 5

    MC-4. Answers, Counterclaims, and Amended Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    MC-5. Fixing of Locale. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    MC-6. Challenges to Initial Administrative Determinations . . . . . . . . . . . . . . . . . . . . . . . 6

    MC-7. Appointment of Merits Arbitrator(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    MC-8. Scheduling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    MC-9. Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    MC-10. Administrative Fees and Compensation and Expenses of the Arbitrator(s). . . . 9



# Supplementary Rules for Multiple Case Filings

## Introduction

The American Arbitration Association® (AAA®) developed these *Supplementary Rules for Multiple Case Filings* (Supplementary Rules) to streamline the administration of large volume filings involving the same party, parties, and party representative(s), or related party, parties and party representative(s) for disputes where the *Employment/Workplace Fee Schedule* or the *Consumer Fee Schedule* apply. Parties to other types of arbitration may also opt into these Supplementary Rules. These Supplementary Rules, including Section MC-1(g), are intended to provide parties and their representatives with an efficient and economical path toward the resolution of multiple individual disputes.

Parties are encouraged to agree to additional processes that make the resolution of Multiple Case Filings more efficient, such as:

- An agreed-upon Scheduling Order setting forth deadlines across multiple cases, including those for submission of documents and witness lists, completion of discovery, and filing of motions.
    - Where the parties can agree on the Scheduling Order, they should consult with the arbitrator as to whether a Preliminary Management Conference between the parties and the arbitrator is necessary.
    - Eliminating the need for a separate Preliminary Management Conference in each case can significantly impact time to resolution of the case.
- An agreement to appoint a special master to oversee procedural issues common to the cases, such as discovery, choice of law, and statute of limitations.
- An agreement that cases be heard on the documents, rather than by in-person, telephone, or videoconference hearings.
- An agreement to assign multiple cases to a single arbitrator, making the scheduling of conferences and hearings more efficient. Each case will still be heard and decided individually by the arbitrator.
- An agreement on the form of award.

- An agreement limiting briefs, motions, and discovery requests.

- An agreement allowing testimony via affidavit or recorded deposition, rather than requiring live witness testimony.

## MC-1. Applicability

**(a)** The AAA may apply these Supplementary Rules to any group of cases defined as Multiple Case Filings in Section MC-1(b) below for disputes where the *Employment/Workplace Fee Schedule* or the *Consumer Fee Schedule* apply. The AAA's determination to apply these Supplementary Rules shall be final, unless a party seeks review of that determination by a Process Arbitrator, as provided for in Section MC-6. These Supplementary Rules supplement any other AAA rules applicable to the disputes. Where inconsistencies exist among these Supplementary Rules and other AAA rules, these Supplementary Rules shall govern.

**(b)** For the purpose of these Supplementary Rules, Multiple Case Filings are defined as:

    **i.** twenty-five or more similar Demands for Arbitration (Demand(s)) filed against or on behalf of the same party or related parties,

    **ii.** where representation of the parties is consistent or coordinated across the cases.

**(c)** These Supplementary Rules apply whenever 25 or more similar Demands for Arbitration are filed, whether or not such cases are filed simultaneously.

**(d)** The Supplementary Rules are to be applied as described in Sections MC-1 through MC-10. Where inconsistencies exist between these Supplementary Rules and other AAA rules that apply to the dispute, these Supplementary Rules will govern.

**(e)** Parties to Multiple Case Filings are encouraged to agree to processes for the efficient resolution of those cases. Any such agreement must be in writing and should address the matters set forth in Sections MC-1 through MC-9 of these Supplementary Rules. In the absence of a post-dispute agreement as to any issue covered by these Supplementary Rules, the Supplementary Rules shall apply.

**(f)** If, within 30 calendar days after the AAA's commencement of administration, a party seeks judicial intervention with respect to cases to which these Supplementary Rules apply and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration of such cases for 60 calendar days to permit the party to obtain a stay of arbitration from the court.

**(g)** In its sole discretion, the AAA has the authority to interpret and apply these Supplementary Rules. The AAA will make initial determinations with respect to administrative issues where necessary in order to apply these Supplementary Rules.

## MC-2. Filing Requirements

A separate Demand for Arbitration must be filed in each individual case. The filing party shall adhere to the filing requirements set forth in the applicable rules. Each Demand must include complete contact information for all parties and representatives. When the AAA determines that the filing requirements have been met, it shall notify the parties.

As part of the filing requirements, the filing party shall submit a fully completed *Multiple Case Filings Intake Data Spreadsheet* (Spreadsheet), which is available at www.adr.org, at the time a Multiple Case Filing reaches the 25-case threshold, and shall update such Spreadsheet as additional cases are filed. This Spreadsheet must also be provided to opposing parties at the same time it is provided to the AAA. The AAA may also require the filing party to submit the Demands for Arbitration, and any other documents submitted with the Demands, in an electronic format. The AAA will advise the filing party when and in what manner those materials shall be submitted.

## MC-3. Serving of Documents, Notices, and Communications

**(a)** For all purposes in accordance with these Supplementary Rules, the parties shall accept documents, notices, and communications pertaining to each Multiple Case Filing via single, combined, electronic communication from the AAA. The AAA will determine when separate documents, notices, and communications are required.

**(b)** Service of documents, notices, and communications pertaining to Multiple Case Filings will be effected via electronic means, such as a file transfer protocol administered by the AAA or the AAA WebFile® platform. Parties providing service of documents, notices, and communications must simultaneously notify opposing parties in writing that the documents, notices, or communications have been submitted.

## MC-4. Answers, Counterclaims, and Amended Claims

**(a)** A respondent may file an Answer and/or Counterclaim as set forth in the applicable rules; however, the deadline for filing an Answer shall be 45 calendar days from the date the AAA confirms the filing requirements have been met.

**(b)** With the exception of the initial filings required under Section MC-2, where party submissions are substantially similar across a Multiple Case Filing, the submission may be filed in a single document and need not be filed separately in each individual case.

    **i.** Any party submission filed in this manner shall also include correspondence advising, by case number, to which cases the submission relates.

    **ii.** Any dispute over whether a party's submission is substantially similar will initially be determined by the AAA, subject to a final determination by a Process Arbitrator, as provided for in Section MC-6.

## MC-5. Fixing of Locale

Where in-person hearings are required, and in the absence of party agreement, the AAA will identify one or more locales where hearings may take place. In any such determination, the AAA will consider the positions of the parties; relative ability of the parties to travel; and factors such as the location of performance of the agreement, the location of witnesses and documents, relative costs, and the location of any prior court proceedings, among other factors presented by the parties.

## MC-6. Challenges to Initial Administrative Determinations

**(a)** After all filing requirements have been met, including payment of the AAA's initial administrative fees, and prior to the appointment of arbitrators to determine the merits (the Merits Arbitrator(s)), any party may notify the AAA and opposing parties in writing that the party disagrees with the AAA's initial determination as to any administrative issue(s).

**(b)** Upon receipt of a party's written notice of disagreement with an administrative determination made by the AAA with respect to a particular Multiple Case Filing, and if the parties do not agree to mediate such issue(s), or if such mediation is unsuccessful, the AAA in its sole discretion may decide whether or not to appoint an arbitrator (the Process Arbitrator) to hear and determine the administrative issue(s) for all of the cases included in the Multiple Case Filing affected by such administrative issue(s).

**(c)** There shall be one Process Arbitrator. If the parties have not appointed a Process Arbitrator and have not agreed to a process for appointing the Process Arbitrator, the Process Arbitrator shall be administratively appointed by the AAA, unless the AAA, in its sole discretion, elects to simultaneously send to each party an identical list of names from which to select a single arbitrator by the process described in Section MC-7(a) below.

**(d)** Only administrative issues may be submitted to the Process Arbitrator for determination. Administrative issues include:

    **i.** AAA filing requirements;

    **ii.** allocation of payment advances on administrative fees, arbitrator compensation, and/or expenses;

    **iii.** determining the applicable AAA rules that will govern the individual disputes;

    **iv.** any other issue the parties wish to submit by agreement; and

    **v.** any other administrative issue arising out of the nature of the Multiple Case Filings.

**(e)** The Process Arbitrator is subject to requirements in the applicable rules pertaining to disclosure and disqualification.

**(f)** The Process Arbitrator shall have the power to rule on the Process Arbitrator's own jurisdiction and shall resolve any disputes over the applicability of this Section MC-6.

**(g)** The Process Arbitrator shall make rulings on the basis of written submissions unless the Process Arbitrator determines that a telephone or videoconference hearing is necessary.

**(h)** The ruling of the Process Arbitrator shall contain the reasons for such ruling and shall be rendered no later than 30 calendar days from the date the Process Arbitrator set for receipt of the final document submissions, or, if the Process Arbitrator set a hearing, no later than 30 calendar days from the close of the hearing. The AAA may extend the time limit for the rendering of the Process Arbitrator's ruling only in unusual and extreme circumstances.

**(i)** The Process Arbitrator's authority shall cease upon the rendering of the Process Arbitrator's ruling, except that after the Process Arbitrator has rendered a ruling, if new and different administrative issues arise upon which the parties disagree, the AAA may re-appoint the same Process Arbitrator to rule on such new and different administrative issues.

**(j)** Rulings by the Process Arbitrator will be final and binding upon the parties and Merits Arbitrator(s) where the Merits Arbitrator(s) is appointed after the appointment of the Process Arbitrator. Administrative issues arising in individual cases after a Merits Arbitrator(s) has been appointed may be decided by the Merits Arbitrator(s).

**(k)** Rulings by the Process Arbitrator will be final and binding upon the parties and Merits Arbitrator(s) with respect to subsequently filed cases that the AAA determines to be part of the same Multiple Case Filing.

**(l)** Absent agreement of all parties, the Process Arbitrator shall not be appointed as the Merits Arbitrator for any of the cases in the same Multiple Case Filing.

## MC-7. Appointment of Merits Arbitrator(s)

The parties may mutually agree upon a process for selection of the arbitrator(s) to determine the merits (the Merits Arbitrator(s)), and the AAA will facilitate any such selection process. The arbitrator selection process may include the use of the AAA arbitrator search platform when the AAA deems it practical to provide and permits its use. Parties are encouraged to consider assigning multiple proceedings to a single, mutually agreeable Merits Arbitrator. Absent a contractual process or party agreement, the AAA shall have the authority to apply the following process:

**(a)** The AAA shall compile a roster of arbitrators for the purpose of identifying arbitrators who may be appointed to cases or groups of cases in Multiple Case

Filings. The AAA may submit a list of proposed arbitrators to the parties to any Multiple Case Filing. The parties are encouraged to agree to arbitrators from this list and to advise the AAA of their agreement. If the parties are unable to agree upon arbitrators, each party shall have 14 calendar days from the list transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. To ensure an appropriate number of arbitrators remain available for appointment, the AAA may limit the number of strikes.

**(b)** If for any reason appointments cannot be made from the submitted lists or if the AAA determines the number of cases is too numerous for use of lists, the AAA shall have the authority to administratively appoint Merits Arbitrator(s).

**(c)** To facilitate arbitrator selection, to satisfy the parties' desired arbitrator qualifications, if the number of individual cases exceeds the number of qualified arbitrators in the locale, or in any other circumstance determined by the AAA to warrant such action, the AAA may assign multiple cases to a single Merits Arbitrator, who will decide each case on its own merits.

**(d)** Arbitrators appointed pursuant to Section MC-7 are subject to the disclosure and disqualification procedures set forth in the applicable AAA rules.

## MC-8. Scheduling

Preliminary Management Conferences and hearings will be scheduled in a manner consistent with the expeditious nature of arbitration. The parties are encouraged to agree on a streamlined procedure for scheduling conferences and hearings. Absent such agreement of the parties, conferences and hearings may be scheduled in any fashion deemed appropriate by the AAA or the arbitrator(s). The AAA or the arbitrator(s) may schedule the Preliminary Management Conference without first consulting with the parties, although either party may request that it be rescheduled. To avoid delay in the administration of the cases, the AAA may require that representatives provide availability via an automated or another electronic scheduling method and that they be available for blocks of hours or days at a time.

## MC-9. Mediation

Within 120 calendar days from the established due date for the Answer, the parties shall initiate a global mediation of the Multiple Case Filings pursuant to the applicable AAA mediation procedures or as otherwise agreed to by the parties. The mediator shall be administratively appointed by the AAA unless the parties agree on a mediator. The mediation shall take place concurrently with the arbitrations and shall not act as a stay of the arbitration proceedings, unless agreed to by the parties. Any party may unilaterally opt out of mediation upon

written notification to the AAA and the other parties to the arbitration. Unless agreed by all parties and the mediator, the mediator shall not be appointed as an arbitrator for any of the cases in the same Multiple Case Filing.

## MC-10. Administrative Fees and Compensation and Expenses of the Arbitrator(s)

**(a)** Administrative fees will be billed according to the applicable Multiple Case Filings Administrative Fee Schedule. Administrative fees, as well as arbitrator compensation and expense deposits, are due on or before the deadline established by the AAA. Neither settlement nor withdrawal of any individual claim or group of multiple cases shall result in extension of payment due dates or waiver of administrative fees. Administrative fees, as well as arbitrator compensation and expenses, for each Multiple Case Filing will be billed and must be paid prior to the AAA completing the applicable administrative procedures.

**(b)** Invoices provided by the AAA to the parties for payment of fees and arbitrator compensation and expenses may be in consolidated format for each Multiple Case Filing.

**(c)** Compensation of the Process Arbitrator will be at the rate set forth on the Process Arbitrator's resume. Merits Arbitrator(s) shall be compensated pursuant to the rules and fee schedules applicable to the individual cases.

**(d)** If administrative fees, arbitrator compensation, and/or expenses have not been paid in full, the AAA may notify the parties in order that one party may advance the required payment within the time specified by the AAA.

**(e)** If payments due are not made by the date specified in such notice to the parties, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend or terminate those proceedings. The AAA may also decline to administer future arbitrations with the parties involved.

*© 2021 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.*

# DOCUMENT NO. 3

# Rules of
# Arbitration
## [Binding]



## Pre-Dispute

Dispute Resolution is a service offered by BBB

# Rules of Arbitration

## [Binding]

The name Better Business Bureau is a
registered trademark of the Council of
Better Business Bureaus, Inc.

© 2010 by the Council of Better Business Bureaus, Inc.
Arlington, VA

Publication #: 96-96-02A

# Table of Contents

**BBB Arbitration**

What is arbitration?......................................................1

Who is the arbitrator?.................................................1

The arbitration hearing ..............................................2

Do I need an attorney? ...............................................2

How to prepare for arbitration...............................2

What will happen at the hearing? ........................3

An arbitration checklist .............................................4

In summary....................................................................6

**BBB® Rules of Binding Arbitration (Pre-Dispute)**

1. DEFINITIONS..............................................................7

2. SCOPE OF BBB ARBITRATION ........................8

3. REMEDIES ...................................................................8

4. FEES...............................................................................8

5. DEMAND FOR ARBITRATION...........................8

6. ANSWER AND COUNTERCLAIM.....................9

7. AMENDING THE DEMAND FOR ARBITRATION OR COUNTERCLAIM ............10

8. SELECTING YOUR ARBITRATOR...................10

9. QUALIFYING THE ARBITRATOR.....................11

10. COMMUNICATING WITH THE ARBITRATOR..........................................................11

11. WHO MAY PRESENT YOUR CASE?...............12

12. HEARING NOTICE .................................................12

13. MANNER IN WHICH THE HEARING IS CONDUCTED......................................................13

14. YOUR ABSENCE FROM THE HEARING......13

15. ATTENDANCE AT HEARING ...........................13

16. CAMERAS AND RECORDING DEVICES .....14

17. INSPECTION BY THE ARBITRATOR .............14

18. TECHNICAL EXPERTS ........................................14

19. SUBPOENAS.............................................................15

20. PRE-HEARING EXCHANGE OF
    INFORMATION......................................................15

21. OATH OF PARTICIPANTS ................................16

22. HEARING PROCEDURES ................................16

23. ADMISSION OF EVIDENCE AT
    HEARING.................................................................17

24. WRITTEN STATEMENTS/DOCUMENTS.....17

25. ADMISSION OF EVIDENCE AFTER
    INITIAL HEARING ...............................................17

26. CLOSING THE HEARING.................................18

27. SETTLEMENT.........................................................18

28. TIME LIMITS ...........................................................18

29. THE DECISION......................................................18

30. TIMELY OBJECTIONS ......................................23

31. CHANGE OF TIME ..............................................23

32. CONFIDENTIALITY ............................................23

33. JUDICIAL PROCEEDINGS/
    EXCLUSION OF LIABILITY.............................24

34. INTERPRETATION OF RULES/RIGHT
    TO DISCONTINUE ARBITRATION...............24

## BBB® Rules of Binding Arbitration (Pre-Dispute)

# BBB ARBITRATION

Your Better Business Bureau® (BBB) is a nonprofit organization supported by local businesses. BBB promotes trust in the marketplace by fostering the highest ethical relationship between businesses and the public.

Your BBB assists in the resolution of disputes between a business and its customers. BBBs have a national reputation for fairness because they remain impartial in a dispute. They do not take sides but work to get the problem settled as quickly as possible.

If you have a marketplace dispute, BBB can offer you several ways to resolve it. Arbitration is one dispute resolution (DR) option: BBB provides a professionally trained arbitrator who will listen to both sides, weigh the evidence and make a decision about the dispute.

### What is arbitration?

Arbitration is an informal process in which two parties present their views of a dispute to an impartial third party, an arbitrator, who will decide how to resolve the dispute.

### Who is the arbitrator?

BBB arbitrators are individuals from your community who have been approved as arbitrators by BBB. Arbitrators do not necessarily have specific expertise in the matter to be arbitrated, but can call upon the assistance of an expert when

necessary. Arbitrators pledge to make an impartial decision, and do not have any affiliation with either party in the dispute.

## The arbitration hearing

BBB will consult with the parties and the arbitrator(s) in scheduling an arbitration hearing. While most cases require only a single hearing, additional hearings may be scheduled if the arbitrator deems it necessary.

## Do I need an attorney?

You may choose to consult with an attorney about arbitration under these Rules. Parties initiating arbitration may choose to consult with an attorney before the demand for arbitration is filed. It is important to consult with an attorney about the remedies that may be awarded in arbitration, and how to best present your case in arbitration. While you do not need to be represented by an attorney in the arbitration process, you may decide that it is in your best interests to do so.

## How to prepare for arbitration

Before coming to your arbitration hearing, you should prepare an outline of your argument to help you in your presentation. You may want to use the checklist at the end of this section to assist you in your preparation.

Also before coming to the hearing, you should prepare a list of questions you want to ask the other party.

## What will happen at the hearing?

You will have an opportunity to state the facts as you see them. Each party also will have the opportunity to ask questions of the other party.

The arbitrator may also ask questions to clear up uncertain areas and to gain a fuller understanding of the dispute.

After each side has presented its case and the questioning is completed, you should be prepared to give a summary of your position. Deal with any questions that have not been answered and tell the arbitrator exactly what you think the decision should be and why.

Remember that the sole purpose of the hearing is to allow the arbitrator to gather and sort the facts in order to make a fair decision. You should be prepared to convince the arbitrator that your position is right and that it supports the remedies/ outcome you seek from the arbitration process. If you are uncertain about the possible remedies available in arbitration you may want to review your state arbitration laws or consult with an attorney.

A cooperative, good faith approach works best. You are there because a disagreement exists, but keep that disagreement factual and within the bounds of normal courtesy and conventional language. Arbitrators may not have technical expertise, so your presentation may be more productive if you can use layman's terms to describe what happened.

## An arbitration checklist

This checklist will help you prepare for your arbitration hearing. Use whichever items are appropriate to your case; some may not apply.

1. Organize your materials in the order you wish to present them. This will help you present your case clearly and logically.

2. Clearly state what the problem is and why you think the arbitrator should rule in your favor.

3. List in chronological order the actions you took to resolve the dispute, including:

   o individuals with whom you spoke;

   o when you spoke with them;

   o what they told you and/or what actions they took;

   o other business/service persons involved:

     § Who were they?

     § When did they get involved?

     § How did they become involved?

     § What did they tell you and/ or what actions did they take? Written statements or the presence of witnesses can help substantiate the facts of your case.

4. Collect and bring to the hearing all available written information relating to your dispute. Bring original documents, if possible, and bring copies for the arbitrator and the other party. If you do not have certain documents, you may be able to get copies from the business or your repair shop, bank or credit card

company. Documents that might be useful include:

- o Any written agreements between you and the other party, including the agreement requiring arbitration of the dispute.
- o Any estimates, purchase order, finance/lease agreement, estimates, and proof of payment.
- o Any relevant warranty.
- o Any repair, service and maintenance records and proof of payment for these services.
- o If applicable to your dispute:
    - § Property repair bills or estimates, including the charges for labor and material used or proposed for use in the repair of property.
    - § Bills, records and reports of hospitals, doctors, or other health-care providers, or any other medical expenses.
    - § A report of the rate of earnings and time lost from work or lost compensation prepared by your employer.
- o A written statement of any witness or opinion of any expert whose testimony will be presented in writing rather than in person.
- o Correspondence between you and the other party.
- o Other documents which may support your case, e.g., newspaper/magazine articles, photographs, court decisions and legal documents, consumer group information, brochures and technical information.

5. List any witnesses who may have information about your complaint, such as mechanics or sales personnel. Try to contact them and ask them to testify in person or to submit written statements. You are responsible for your witness' submission of information. If you want them to testify in person, keep them informed about the time and place of the hearing.

The arbitrator will accept all relevant evidence presented at the hearing. The arbitrator will decide the importance of each piece of evidence after the hearing is closed. **It is better to be over prepared than under prepared.**

Evidence will not be accepted after the hearing if it was possible to present that evidence at the hearing, or if the arbitrator has already rendered a decision.

### In summary

- Organize your case.

- Back up your position with evidence.

- A clear, concise and well-organized presentation supported by relevant facts and good documentation will help the arbitrator fulfill his or her responsibility.

## BBB Rules of Binding Arbitration (Pre-Dispute)

## 1. DEFINITIONS

The following list defines key words as they are used in these Rules.

A. **Arbitration** is a process in which two or more parties agree to let an impartial person or panel decide their dispute.

B. **Arbitrator** refers to the individual or panel selected to conduct your arbitration and make a decision in your dispute. Any action taken or decision made by a panel shall be by majority vote.

C. **BBB** refers to the Better Business Bureau that is administering the arbitration.

D. **Days** refers to calendar days.

E. **Decision** refers to the written document signed by the arbitrator and mailed to the parties.

F. **Parties** refers to a business and its customer who have agreed in writing to arbitrate future disputes through BBB or under BBB binding rules.

G. **Shall** and **must** are mandatory; **may** is discretionary.

H. **You** refers to one or both of the parties.

## 2. SCOPE OF BBB ARBITRATION

These *Rules* apply to any dispute that the parties are required to arbitrate under a written agreement, signed by the parties prior to the time that the dispute arose, in which the parties have agreed to arbitrate future disputes through BBB or under BBB binding rules.

The arbitrator shall decide any dispute about whether a particular issue falls within the parties' arbitration agreement.

## 3. REMEDIES

The arbitrator may award any remedy that is permitted under applicable law; provided, however, that the arbitrator may not award any remedies that the parties have agreed in writing may not be awarded in arbitration.

## 4. FEES

BBB shall inform the parties of the fee schedule for handling the arbitration, and of the process for requesting a waiver or deferral of such fees in cases of hardship.  BBB may decline to schedule an arbitration hearing if the parties do not pay administration fees when due.

## 5.  DEMAND FOR ARBITRATION

A.  In order to initiate arbitration, a party shall submit to BBB a written demand for arbitration that includes the following:

- The name and address of the other party;

- A concise statement of the issues to be arbitrated;

- A statement of the remedies sought in arbitration; and

- A copy of any written agreement between the parties to arbitrate disputes under BBB binding rules.

B. Unless otherwise provided by an agreement between the parties, the demand for arbitration must be received by BBB within the statute of limitations that would otherwise apply to a judicial action relating to the claim.

## 6. ANSWER AND COUNTERCLAIM

A. BBB shall send the written demand for arbitration to the other party, who may submit a concise answer and a counterclaim in response. A counterclaim shall include:

- A concise statement of the issues to be arbitrated; and

- A statement of the remedies sought in arbitration.

B. Any answer and/or counterclaim must be sent to BBB, with a copy to the other party, within 14 days after receipt of the demand for arbitration. BBB may, for good cause, extend this time period.

C. If a counterclaim is filed, the party against whom the counterclaim is filed may submit a concise answer to the counterclaim. The answer to the counterclaim must be sent to BBB, with a copy to the other party, within 14 days after receipt of the counterclaim. BBB may, for good cause, extend this time period.

D. It is not required that the parties submit an answer to a demand for arbitration or a counterclaim. If a party does not submit an answer, that party will be deemed to have denied all of the claims made by the other party.

## 7. AMENDING THE DEMAND FOR ARBITRATION OR COUNTERCLAIM

At any time prior to the scheduling of the hearing, a party may amend in writing that party's demand for arbitration, answer, or counterclaim.

Once the hearing has been scheduled, amendments to a party's demand for arbitration or counterclaim may only be made at the discretion of the arbitrator.

## 8. SELECTING YOUR ARBITRATOR

BBB shall select the arbitrator in a procedure designed to avoid any conflict of interest and to provide the parties with an impartial arbitrator to hear their case.

BBB maintains a pool of qualified, experienced arbitrators. BBB shall select the arbitrator, or arbitrators if applicable. BBB shall inform the arbitrator(s) of the identities of the parties and attorneys, if any. If an arbitrator finds that he or she has a conflict of interest with any party or attorney, the arbitrator(s) shall recuse himself or herself.

At BBB's option, or by agreement of the parties or when required by law, BBB may appoint a panel of three arbitrators. BBB shall determine which arbitrator will serve as the chair of the panel to preside over the hearing.

BBB may use variations of this selection process, provided that the alternative procedure shall also result in the appointment of an impartial arbitrator.

## 9. QUALIFYING THE ARBITRATOR

The arbitrator shall sign an oath pledging to make an impartial decision in your dispute. If the arbitrator believes that he or she cannot make an impartial decision, the arbitrator shall refuse to serve.

If a financial, competitive, professional, family or social relationship exists between the arbitrator and one of the parties (even if the arbitrator believes the relationship is so minor as to have no effect on the decision), it shall be revealed to all parties, and you may decide that this arbitrator should not serve in your case.

BBB reserves the right to reject an arbitrator for any reason that it believes will affect the credibility of the arbitration process.

## 10. COMMUNICATING WITH THE ARBITRATOR

You or anyone representing you shall not communicate in any way with the arbitrator about your dispute except a) at an inspection or hearing for which the other party has received notice but does not appear, or b) when all other parties are present or have given their written permission.

All other communication with the arbitrator must be sent through BBB.

Violation of this rule may result in your case being discontinued.

## 11. WHO MAY PRESENT YOUR CASE?

You may present your own case or have someone represent you.

If your representative is a lawyer, you must give the lawyer's name and address to BBB at least 21 days before the hearing. BBB shall notify the other parties to give them an opportunity to obtain a lawyer if they want. Your failure to give BBB advance notice of legal representation may result in a rescheduling of your hearing.

## 12. HEARING NOTICE

BBB shall set a date, time (during normal business hours) and place for your arbitration hearing. The hearing will be set with due regard for the schedule of the parties and the arbitrator. Notice of the date, time and place of the hearing will be sent to you at least 10 days in advance of the hearing unless the parties agree otherwise.

Contact BBB immediately if you object to the date, time or place stated in your notice. If an unforeseen emergency arises that prevents you from attending a hearing, call BBB before the scheduled hearing time.  The arbitrator shall decide whether to reschedule the arbitration hearing or maintain the current hearing date permitting the absent party to present the case in accordance with Rule 14.

To the extent practical, BBB will arrange for the hearing to be held at a BBB location convenient to the customer.

BBB shall make the final decision as to the date, time and place for the arbitration hearing.

## 13. MANNER IN WHICH THE HEARING IS CONDUCTED

Most arbitrations involve in-person hearings. However, BBB, at a party's request or at BBB's option, may arrange to have one or both parties participate by telephone, in writing, or by electronic communication.

## 14. YOUR ABSENCE FROM THE HEARING

If one party does not attend a hearing after receiving proper notice from BBB, the arbitrator shall proceed with the hearing and receive evidence from the other party.

One party's absence will not result in an automatic decision against that party. The party who did not attend the hearing shall be given the opportunity to present its position in writing within time limits set by BBB. Any written testimony will be sent to other party for comments.

If the absent party does not submit its position within the specified time limits, the arbitrator shall make a decision without that party's position.

## 15. ATTENDANCE AT HEARING

BBB staff may attend the hearing in an administrative capacity.

The parties, any representatives, and their witnesses may attend the hearing, although the arbitrator may determine that one or more non-party witnesses should be present in the hearing room only while that witness is giving testimony.

For any observer to attend a hearing, BBB will first determine that reasonable accommodations exist and then make sure that the parties and the arbitrator have no objection to the presence of an

observer. If there is room and no objection, the observer shall be permitted to attend the hearing subject to BBB's directions regarding proper conduct.

## 16. CAMERAS AND RECORDING DEVICES

Unless there is approval of all parties and the arbitrator, no one is permitted to bring cameras, lights, recording devices or any other equipment into the hearing. However, BBB may make an audio recording of the hearing if requested by the arbitrator, and any such audio recording may only be used by the arbitrator for the sole purpose of assisting the arbitrator in writing his/her decision and reasons, or by BBB for training and administrative purposes.

## 17. INSPECTION BY THE ARBITRATOR

The arbitrator may request an inspection of the product or service involved in your dispute.

If possible, the inspection will be performed as part of the hearing; otherwise, the inspection will be scheduled for a later date and all parties will receive at least three days notice unless such notice is waived by all parties. In accordance with BBB's arbitration fee schedule, in some cases an inspection by the arbitrator may incur additional costs to the parties.

## 18. TECHNICAL EXPERTS

At the request of the arbitrator, BBB shall make reasonable efforts to obtain a volunteer impartial technical expert to inspect the product involved or the service performed. If BBB is unable to obtain a volunteer technical expert, BBB shall

inform the parties and may give them the opportunity to incur the additional cost of a compensated technical expert.

The expert's findings shall be presented in writing or in person, at BBB's option, either before, during or after the hearing. In any case, you shall have an opportunity to evaluate and comment on the qualifications and findings of the expert.

You also have the right to have your own technical expert serve as a witness at your own expense.

## 19. SUBPOENAS

You may send BBB a request that the arbitrator subpoena witnesses or evidence that are relevant to your case. Any request shall include a statement as to why the witness or evidence is relevant, and why you believe a subpoena is necessary. If the arbitrator agrees with your request, a subpoena shall be signed by the arbitrator.

The party requesting a subpoena shall be responsible for serving the subpoena, including any expenses involved, and also for enforcement of the subpoena in court if necessary.  BBB and the arbitrator do not have power to enforce a subpoena, but the arbitrator may consider any failure to produce subpoenaed evidence in the decision.

## 20. PRE-HEARING EXCHANGE OF INFORMATION

The arbitrator, at his or her discretion, may direct that the parties exchange documents or other information prior to the hearing. A copy of any such documents or information shall also be sent to BBB.

## 21. OATH OF PARTICIPANTS

You and your witnesses shall be placed under oath at the hearing by the arbitrator or BBB staff administering the hearing.

## 22. HEARING PROCEDURES

The arbitrator shall decide on the order and the procedures to follow for you to present your side of the dispute.

You shall be given an opportunity to make a personal presentation of your case, and you may present witnesses and evidence in support of your case. You shall also be given the opportunity to question the other parties, their witnesses and their evidence. After everyone has presented his or her case, each party shall be given the opportunity to make a closing statement.

In accordance with BBB's arbitration fee schedule, initial fees and costs may cover a limited hearing time, and additional time may incur additional costs to the parties.

If the arbitrator determines that additional information is necessary in order to make a fair decision, the arbitrator may direct that this additional evidence be submitted at a subsequent hearing or in any manner deemed appropriate by the arbitrator. If the arbitrator directs that written evidence be submitted after the initial hearing, the evidence shall be sent to BBB within the time frame specified by the arbitrator. BBB shall send a copy to the other party and solicit a response. Both the written evidence and any response shall be submitted by BBB to the arbitrator.

## 23. ADMISSION OF EVIDENCE AT HEARING

You may present your case without being restricted by courtroom rules of evidence. However, you should be sure your evidence is relevant to your case.

The arbitrator may limit your presentation if it is repetitious or irrelevant.

## 24. WRITTEN STATEMENTS/ DOCUMENTS

If you have a witness who cannot attend the hearing, you may present that person's written statement to the arbitrator. You must make a copy for the other party to read and use for response.

If you present your case by telephone, you should submit to BBB at least seven days before your hearing any written documents on which you will rely. BBB will provide these documents to the other party before the hearing.

## 25. ADMISSION OF EVIDENCE AFTER INITIAL HEARING

During the hearing, you may ask the arbitrator to give you a reasonable number of days to respond to evidence presented by the other party at the hearing. The arbitrator may grant your request at his or her discretion.  If granted, BBB shall send your response to the other party for comment and then forward all information to the arbitrator.

Before a decision is made, an arbitrator may schedule new or additional hearings or otherwise request new or additional evidence to get all possible facts relating to your dispute.

Before a decision is made, you may send BBB new information that was impossible

to present at your original hearing and request that it be considered. BBB shall send it to the other parties for their response and then forward the information and any response to the arbitrator.

After the arbitrator has made a decision in your case, no more arguments or evidence may be presented, even if newly discovered or not available at the time of the hearing.

## 26. CLOSING THE HEARING

The arbitrator shall close the hearing when he or she determines that the parties have had sufficient opportunity to present all relevant evidence. The arbitrator will normally render a decision within five days after the hearing is closed.

## 27. SETTLEMENT

If all parties voluntarily decide to settle the dispute before the hearing, the settlement will end the dispute and no hearing will be held.

If a voluntary settlement is reached during the hearing, the arbitrator shall include the settlement in a final or interim consent decision. If a settlement is reached after the hearing but before the arbitrator's final decision, be sure to notify BBB at once.

## 28. TIME LIMITS

BBB shall make reasonable efforts to obtain a resolution of the dispute within 60 days, unless state or federal law provides otherwise. BBB or the arbitrator may extend this time at their sole discretion.

## 29. THE DECISION

When the arbitrator has reached a decision in your case, BBB shall send to all parties a written decision accompanied by the arbitrator's brief statement of reasons for

the decision. BBB will not read a decision to you over the phone.

### A.  Scope of decision

A decision shall be one that:

- the arbitrator considers fair;

- is limited to the issues raised in the demand for arbitration and any counterclaim; and

- falls within the scope of these Rules.

Unless otherwise provided by agreement of the parties, the arbitrator is not bound to apply legal principles in reaching what the arbitrator considers to be a fair resolution of the dispute.

The decision may order an action to be performed, money to be paid, or a combination of these remedies. The arbitrator may award all or part of what you seek or may decide to award no payment or performance at all.

### B. Types of decisions

The arbitrator shall render either a final or an interim decision.

If the arbitrator renders a final decision, the arbitrator has no further authority over the decision unless a valid request is made pursuant to Rule 28(C), Clarifying the decision; Rule 28(D), Correcting the decision or reasons for decision; or Rule 28(E), Decision is impossible to perform or to perform timely.

An interim decision may be written when the decision requires some action to be taken. If the arbitrator renders an interim decision, the arbitrator maintains continuing authority over the execution of the decision in accordance with the specific terms set out in the decision.

An interim decision shall state a time within which the consumer must notify BBB if the action ordered in the interim decision was not performed or was performed unsatisfactorily. If an interim decision has been rendered and a reconvening is requested in accordance with the terms of the decision, BBB shall schedule a further hearing. In addition to the evidence presented at that hearing, the arbitrator may request additional evidence from the parties or from an impartial technical expert. The arbitrator will normally render a decision within five days after the hearing is closed.

### C. Clarifying the decision

You may request that the arbitrator clarify a decision if you do not understand the decision, or if you and the other parties disagree about the specific action required by the decision. Requests for clarification must be in writing and must be received by BBB prior to the time that performance is required under the decision.

BBB will not accept a clarification request that attempts only to reargue your case or that is based solely upon your disagreement or disappointment with the decision.

BBB shall have sole discretion to determine if your written statement is an appropriate request for clarification of the decision. BBB shall send the request to the other parties, solicit their views, and send the request and any response to the arbitrator. The arbitrator may either clarify the decision or reject the request for clarification and let the decision stand as written.

You may not ask the arbitrator to clarify the reasons for decision.

## D. Correcting the decision or reasons for decision

You may request correction of the decision or the reasons for decision if you believe the decision or reasons contain a mistake of fact, a miscalculation of figures, or exceed the arbitrator's authority. Requests for correction of a decision or reasons must be in writing and must be received by BBB prior to the time that performance is required under the decision.

A mistake of fact is not a conclusion of the arbitrator with which you disagree; it is a true error in such things as a date, time, place or name, and may justify a correction only if it concerns the essence of the decision.

A miscalculation of figures is not a dollar figure you consider to be unfair; it is a mathematical error.

The arbitrator's authority is limited to the scope of these Rules.

BBB will not accept a correction request that attempts only to reargue your case or that is based solely upon your disagreement or disappointment with the decision.

If your written statement to BBB is an appropriate request for correction, BBB shall send the request to the other parties, solicit their views, and send the request and any response to the arbitrator. The arbitrator may either correct the decision or reasons or reject the request for correction and let the decision or reasons stand as written.

## E. Decision is impossible to perform or to perform timely

Unless otherwise specified in the decision, the time for performance shall generally be

no longer than 30 days from the date BBB forwards the award to the parties. If you believe in good faith you cannot perform the arbitrator's decision at all or within the established time limit, you should immediately inform BBB in writing. BBB shall process your submission in the same manner as a request for correction.

The arbitrator may request additional evidence, request another hearing, or do anything necessary to confirm or deny your claim of impossibility of performance. If the arbitrator confirms such impossibility, the original decision may then be changed to include any remedy falling within the scope of these Rules.

If a party has exceeded the time for performance, the other party should notify BBB in writing.

### F. Suspending the time to perform

If you submit to BBB a written statement relating to correction, clarification or impossibility of performing the decision, the time performance of the decision shall be suspended until the issue is resolved by the arbitrator or by BBB.

### G. After decision is issued

Once a decision in your case has been issued:

The parties will be legally bound to abide by the decision and must comply with the decision's terms (subject to modification/correction under these Rules or to any limited right of review that may be provided by state or federal law).

Each party gives up any right to sue the other party in court on any claim that has been resolved at the arbitration

hearing, unless a party fails to perform according to the arbitrator's decision.

If a party fails to perform the decision, notify BBB and it will try to resolve the matter. In addition, you may have the right to enforce the decision in court or pursue other legal remedies under state or federal law.

### H. Verification of performance

All parties must do what the decision requires within the time limits set by the arbitrator.

Unless otherwise stated in the decision, the time for performance shall begin when you receive the decision. Approximately two weeks after the performance date, BBB shall contact the parties to see if the decision has been performed.

## 30. TIMELY OBJECTIONS

Any failure to follow these Rules that may significantly affect the independence, impartiality or fairness of the arbitration process must be raised with BBB at the earliest opportunity. BBB shall make a final decision on the appropriate action to be taken if BBB determines that a failure to follow these Rules has significantly affected the independence, impartiality or fairness of the arbitration process.

## 31. CHANGE OF TIME

You and the other parties to the arbitration may jointly agree in writing to change any period of time stated in these Rules.

## 32. CONFIDENTIALITY

The dispute resolution process and any records of that process are private and confidential.

If the dispute originated as a complaint filed with BBB, BBB may include in its report on the business an indication of the business's failure to arbitrate or to perform an award in your individual case, excluding personally identifying information about any individual. Otherwise, BBB shall not release the terms of the arbitration decision to any person or group that is not a party to the arbitration unless all parties agree or unless such release is required by law or pertinent to judicial or governmental administrative proceedings.

## 33. JUDICIAL PROCEEDINGS/ EXCLUSION OF LIABILITY

In submitting to arbitration under these Rules, the parties agree that, other than for purposes of authentication by staff of BBB, BBB and the arbitrator shall not be subpoenaed by either party in any subsequent legal proceeding. The parties further agree that BBB (including its staff), Council of Better Business Bureaus (including its staff) and/or the arbitrator shall not be liable for any act or omission in connection with your arbitration.

## 34. INTERPRETATION OF RULES/RIGHT TO DISCONTINUE ARBITRATION

BBB shall make the final decision on procedural questions and on any other question concerning the application and interpretation of these Rules.

BBB at all times reserves the right to decline or discontinue administration of arbitration for any case(s) due to a conflict with any BBB Policy or state/federal law or regulation, the conduct of a party, or failure to pay any fees required by BBB.

The name Better Business Bureau is a
registered trademark of the Council of
Better Business Bureaus, Inc.

©2010 by the Council of Better Business Bureaus, Inc.
Arlington, VA

Publication #: 96-96-02A



Better Business Bureau ®
# Start With Trust®
Dispute Resolution is a service offered by BBB
A publication of the Council of the Better Business Bureaus, Inc.

# DOCUMENT NO. 4

Jeffrey S. Jacobson (NJ ID No. 000772011)
**FAEGRE DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, New Jersey 07932-1047
Tel.:  (973) 549-7000
Fax:  (973) 360-9831
jeffrey.jacobson@faegredrinker.com

Crystal Nix-Hines (*pro hac vice*)
Shon Morgan (*pro hac vice*)
Marina E. Lev (*pro hac vice*)
Dylan Bonfigli (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel.:  (213) 443-3000
crystalnixhines@quinnemanuel.com
shonmorgan@quinnemanuel.com
marinalev@quinnemanuel.com
dylanbonfigli@quinnemanuel.com

*Attorneys for Defendants Cellco Partnership*
*d/b/a Verizon Wireless* and
*Verizon Communications Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CINTIA CORSI. et al.. <br><br> Plaintiffs. <br><br> vs. <br><br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, et al., <br><br><br> Defendants. | Case No. 3:22-cv-4621 ZNO <br><br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** |

**INTRODUCTION**

Plaintiffs' Opposition adheres to a familiar playbook. While conceding they agreed to Verizon's Customer Agreement (the "Agreement") including an arbitration clause that covers their claims, plaintiffs contend the Agreement is "permeated" with unconscionability and therefore should not be enforced. Opp. 5-6. Plaintiffs' argument contravenes both the Agreement's plain language and Third Circuit precedent that upholds the parties' clear and unmistakable delegation of questions of arbitrability to an arbitrator. Plaintiffs' invocation of a flawed, non-binding ruling from the Northern District of California (applying California law), currently on appeal to the Ninth Circuit, neither overrides these dispositive bases to compel arbitration nor outweighs the recent decision of a New Jersey state court *enforcing* the Agreement in a virtually identical suit brought by plaintiffs' counsel.

As Verizon demonstrated (Mot. 17-20), this Court should not consider plaintiffs' unconscionability challenge to the bellwether process because the parties clearly and unmistakably agreed to arbitrate "any objections with respect to the … validity of the arbitration agreement" (AAA Consumer Arbitration Rules [Dkt. 21-5] at R-14(a)). Plaintiffs' argument that the Agreement does not incorporate the AAA Consumer Arbitration Rules is meritless: The Agreement expressly states in bold, capital letters that "FOR CLAIMS OVER $10,000, THE AAA'S CONSUMER ARBITRATION RULES WILL APPLY" and explains to customers

that they "CAN GET PROCEDURES, RULES AND FEE INFORMATION FROM

THE AAA (WWW.ADR.ORG)."  Dkt. 22-1 at CA-P.6.  Plaintiffs' pleading is also

best read as asserting claims over $10,000 (*see* Mot. 17 & n.5), and plaintiffs do not

argue otherwise.  Further, the Agreement's bellwether process provides a reasonable

procedure to resolve mass arbitrations, mirroring the well-established multi-district

litigation (MDL) bellwether process.  Without plaintiffs' counsel's failure to abide

by the plain language in the Agreement, these proceedings would be under way.

Even if the Court considers plaintiffs' unconscionability challenges to other

provisions of the agreement (it should not), the additional provisions plaintiffs

challenge are not part of the parties' "specific agreement to arbitrate," *Rent-A-Ctr.,*

*W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010), and are thus properly directed to the

arbitrator and irrelevant to this Court's analysis.  Finally, while the mass-arbitration

provision is central to the arbitration agreement, and thus not severable, if the Court

considers the remaining provisions and finds any unenforceable, it can sever them,

as set forth in the Agreement.

## ARGUMENT

## I.   PLAINTIFFS DO NOT REFUTE THAT THE PARTIES DELEGATED QUESTIONS OF ARBITRABILITY

Consistent with the Third Circuit's ruling in *Richardson v. Coverall North*

*America, Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020), Verizon demonstrated that

plaintiffs clearly and unmistakably agreed to arbitrate questions of arbitrability

and all consumer claims to those arising from the bare language of the Verizon Agreement itself" and (2) "prevents customers from using any evidence in arbitration other than the Verizon Agreement itself." Opp. 31. First, the, Agreement expressly states that the "Service terms and conditions are part of th[e] Agreement," Dkt. 28-1 at 12, allowing consumers to rely on them. Second, the language stating that "[y]ou can't rely on any other documents …, and you have no other rights regarding Service or this agreement," in context, clearly refers to the subject matter of the previous sentence—which concerns the scope of the Agreement. Plaintiffs' unreasonable reading of the clause runs afoul of the rule that a reasonable interpretation prevails over an unreasonable one. *Arnold M.*, 180 F.3d at 522.

## III. THE COURT CAN SEVER UNENFORCEABLE PROVISIONS

As Verizon explained (Mot. 22), severance is appropriate if a provision is not "an essential part of the agreed exchange." *Spinetti v. Serv. Corp. Int'l*, 324 F.3d 212, 214 (3d Cir. 2003). Here, the preclusion on allowing a mass of identical arbitration claims to be *filed* (triggering fee obligations) before the bellwether trial process has occurred is essential, *id.*, so it is not severable, but the remaining provisions plaintiffs challenge are not essential. As discussed above, the damages provision and integration clause are not part of the "specific agreement to arbitrate." *Rent-A-Ctr.*, 561 U.S. at 70. Thus, an arbitrator must address the enforceability of those two provisions, *id.*, but if this Court decides that either is unenforceable, this

Court can sever either provision.  As Verizon explained (Mot. 23), and plaintiffs did not address, a court in this state adopted that approach by severing the damages provision it deemed unenforceable and then compelling plaintiffs' claims to arbitration.  *Achey v. Verizon*, NO. MID-L-0160-22 (N.J. Sup. Jul. 15, 2022).   In short, plaintiffs have no basis to avoid arbitration of their claims.[5]

## **CONCLUSION**

The Court should grant Verizon's motion and compel plaintiffs to submit their claims, on an individual basis, to binding AAA arbitration.[6]


DATED this 17th day of February, 2023        QUINN EMANUEL URQUHART & SULLIVAN, LLP


By_____*/s/ Crystal Nix-Hines*_____

Crystal Nix-Hines
*Attorneys for Defendants VERIZON WIRELESS and VERIZON COMMUNICATIONS, INC.*

---

[5]    Plaintiffs misplace reliance on *MacClelland*'s severability analysis; the presence of one or two unenforceable provisions would not render the arbitration agreement permeated with unconscionability, and the parties expressly agreed that severance is appropriate, Dkt. 22-1 at CA-P.8, which plaintiffs did not address.

[6]   Plaintiffs tacitly concede that, if the Court compels arbitration, it should also stay all further proceedings under 9 U.S.C. § 3.

<u>**CERTIFICATE OF SERVICE**</u>

*Teresa MacClelland, et al v. Cellco Partnership, et al*

**Ninth Circuit Case No. 22-16020**

I hereby certify that I electronically filed the foregoing/attached document,

titled **Plaintiffs-Appellees' Motion To Take Judicial Notice**, on this date with the

Clerk of the Court for the United States Court of Appeals for the Ninth Circuit

using the Appellate Electronic Filing system.

By doing so, an electronic copy was served on:

Crystal Nix-Hines, Esq.
Shon Morgan, Esq.
Marina Lev, Esq.
Christina Henriquez, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Kannon K. Shanmugam, Esq.
William T. Marks, Esq.
Yishai Schwartz, Esq.
Jing Yan, Esq.
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

*Counsel for Defendants-Appellants*
*Cellco Partnership and Verizon Communications, Inc.*

Signature:  _/s/ Paul Karl Lukacs_        Date: March 17, 2023