

HATTIS & LUKACS
Attorneys at Law

11711 SE 8th Street, Ste 120
Bellevue, WA 98005
Phone: 425.233.8650
www.hattislaw.com

Paul Karl Lukacs, Esq.
425.233.8650
pkl@hattislaw.com

May 3, 2023

**<u>FILED AND SERVED BY ECF</u>**

Ms. Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103-1526

   **Re:**  **Citation of Supplemental Authorities pursuant to FRAP 28(j)**
      *Teresa MacClelland v. Cellco Partnership d/b/a Verizon Wireless*
      Ninth Circuit Case No. 22-16020

Dear Ms. Dwyer:

  In a unanimous published decision, the Appellate Division of the New Jersey Superior Court held this week that the identical arbitration agreement under review in the above-captioned Ninth Circuit appeal was completely unenforceable because it was permeated by unconscionability. *Achey v. Cellco Partnership*, --- A.3d ---, 2023 WL 3160849 (N.J. Super. Ct. App. Div. May 1, 2023).

  This is exactly the conclusion reached by the district court below, *MacClelland v. Cellco Partnership*, 609 F. Supp. 3d 1024 (N.D. Cal. 2022), and this is exactly the conclusion that Plaintiffs-Appellees respectfully request this Court reach.

  The *Achey* court found the district court's *MacClelland* decision to be "especially persuasive because California and New Jersey contract law are substantially similar, particularly in their application of unconscionability." *Achey*, p. *4.

The *Achey* court agreed with many of the arguments that Plaintiffs-Appellees are making before this Court, to wit:

- The *Achey* court held that "the bellwether provision is unconscionable on its face because it gives all decision-making power to defendants as to how long the 'batching process' would continue and leaves plaintiffs without any protection to ensure that their claims would be heard in a timely manner." *Achey*, p. *5.

- "[T]he agreement prejudices plaintiffs by failing to toll the statute of limitations while the bellwether process is underway." *Ibid.*

- Despite Appellants' after-the-fact assurance that they will waive their limitations defense, the *Achey* court noted that the limitations defense appears in the arbitration agreement and "we refuse to rely on defendants' oral assertions when interpreting the enforceability of a contractual provision." *Ibid.*

- "The discovery limitation [in the exculpatory clause] forms an unconscionable wall of protection for defendants from accountability for valid consumer fraud claims and cannot stand." *Ibid.* (quotation marks omitted).

- The 180-day notification requirement is "effectively abrogating plaintiffs' [statutory] claims should they fail to notify defendants within 180 days of the charge on their bill." *Achey*, p. *6.

- The court did not sever the unlawful provisions, because, "[u]ltimately, we find that the cumulative effect of the various unconscionable terms renders the arbitration agreement unenforceable for lack of mutual assent." *Achey*, p. *6 (quotation marks omitted).

Very truly yours,

Paul Karl Lukacs, Esq.
Counsel for Plaintiffs-Appellees