

HATTIS & LUKACS
Attorneys at Law

11711 SE 8th Street, Ste 120
Bellevue, WA 98005
Phone: 425.233.8650
www.hattislaw.com

Paul Karl Lukacs, Esq.
425.233.8650
pkl@hattislaw.com

June 28, 2023

**FILED AND SERVED BY ECF**

Ms. Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103-1526

   **Re: Citation of Supplemental Authorities pursuant to FRAP 28(j)**
     *Teresa MacClelland v. Cellco Partnership d/b/a Verizon Wireless*
     Case No. 22-16020

Dear Ms. Dwyer:

  On June 26, 2023, *Jack v. Ring LLC*, 309 Cal. Rptr. 3d 130 (Cal. Ct. App. May 25, 2023) became final. *Jack* is relevant because:

  1. Appellees Teresa MacClelland *Et Al.* contend that the incorporation by reference of arbitral society rules does not clearly and unmistakably delegate questions of arbitrability, particularly when, as here, a party is unsophisticated. Appellees' Brief, pp. 28–31. *Jack* concurs (pp. 142-43).

  2. *Jack* notes (p. 139) that the clear and unmistakable delegation standard is "higher than the evidentiary standard applicable to other matters of interpreting an arbitration agreement." Consequently, the fact that Appellants ("Verizon") can employ traditional rules of construction to envision hypotheticals in which the American Arbitration Association and Better Business Bureau rules might theoretically be harmonizable (Verizon's Reply, pp. 8-10) does *not* establish a clear and unmistakable delegation.

     3.    *Jack* quotes (p. 139) the holding in *Ajamian v. CantorCO2e, L.P.*, 137 Cal. Rptr. 3d 773, 791 (Cal. Ct. App. 2012), that a delegation is not clear and unmistakable if any "one contractual provision" conflicts with "another provision." *Jack* does not require that the conflicting or unlawful provisions be within the part of the contract formally denominated as the arbitration agreement. *Jack* is therefore in accord with Appellees' Brief (p. 39 n. 20) and with Ninth Circuit precedent. *See Newton v. American Debt Services, Inc.*, 549 Fed. Appx. 692, 694 n.2 (9th Cir. 2013) ("That the damages limitation and fee shifting provisions were located outside of the specific arbitration clause does not mean those provisions cannot be considered when determining unconscionability of the arbitration agreement.").

     4.    Verizon cited *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148 (9th Cir. 2021) only for the objective theory of contract (Verizon's OAB, pp. 26-27). But *Jack* takes serious issue (pp. 146-47) with *DiCarlo*'s ruling regarding what constitutes a private attorney general under California law. Federal courts sitting in diversity can and should avoid such state-federal conflicts by applying established state law. *See, e.g.,* Appellees' Brief, p. 24 (silence is not delegation), pp. 28-31 (arbitral rules are not delegation), pp. 66-67 (contract permeated with unconscionability is inseverable).

                                                      Very truly yours,

                                                      Paul Karl Lukacs, Esq.
                                                      Counsel for Plaintiffs-Appellees