PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7325

WRITER'S DIRECT FACSIMILE
(202) 204-7397

WRITER'S DIRECT E-MAIL ADDRESS
kshanmugam@paulweiss.com

July 21, 2023

**VIA ELECTRONIC FILING**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      Re:      *MacClelland* v. *Cellco Partnership*, No. 22-16020
                (to be argued Sept. 14, 2023)

Dear Ms. Dwyer:

      Pursuant to Appellate Rule 28(j), defendants respond to plaintiffs' letter of June 28 concerning *Jack* v. *Ring LLC*, 91 Cal. App. 5th 1186 (2023). Contrary to plaintiffs' contention, *Jack* does not support plaintiffs' argument that the arbitration agreement here did not clearly and unmistakably delegate questions of arbitrability to the arbitrator.

      In *Jack*, the California Court of Appeal concluded that no enforceable delegation was present in the relevant arbitration agreement only after expressly rejecting "contrary federal authority" on the "clear and unmistakable" standard. 91 Cal. App. 5th at 142. But as defendants have explained (Reply Br. 6-7), this Court has squarely held that the "clear and unmistakable" standard is governed by federal law and thus rejected the argument that California law controls a federal court's application of that standard. *See Brennan* v. *Opus Bank*, 795 F.3d 1125, 1129 (2015). Under this Court's precedent, an arbitration agreement's incorporation of the AAA

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

rules constitutes clear and unmistakable evidence of delegation, and any contrary California authority is irrelevant.

The decision in *Jack* was also based on the ground that "a delegation is not clear and unmistakable if any 'one contractual provision' conflicts with 'another provision.'" Dkt. 62, at 2. Plaintiffs, however, have not pointed to any conflicting provisions in the arbitration agreement here. Plaintiffs suggest that the BBB provision creates ambiguity as to the AAA provision's delegation of arbitrability, but they fail to identify any conflict between the two provisions and admit that the provisions are "harmonizable." *Id.* Those provisions are not merely harmonizable; they are entirely consistent and provide two alternatives that do not conflict. *See* Reply Br. 9.

Nor are plaintiffs correct that "*Jack* does not require that the conflicting or unlawful provisions be within the part of the contract formally denominated as the arbitration agreement." Dkt. 62, at 2. The conflicting provisions analyzed in *Jack* were both within the arbitration agreement, and *Jack* did not consider the effect of a provision outside the arbitration agreement.

                                      Respectfully submitted,

                                      /s/ Kannon K. Shanmugam
                                      Kannon K. Shanmugam

cc:      Counsel of record (via electronic filing)