PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7325

WRITER'S DIRECT FACSIMILE
(202) 204-7397

WRITER'S DIRECT E-MAIL ADDRESS
kshanmugam@paulweiss.com

September 20, 2023

**VIA ELECTRONIC FILING**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

    Re:    *MacClelland* v. *Cellco Partnership*, No. 22-16020
            (to be argued Nov. 14, 2023)

Dear Ms. Dwyer:

    Pursuant to Appellate Rule 28(j), defendants write to inform the Court that the New Jersey Supreme Court has granted review of the decision in *Achey* v. *Cellco Partnership*, No. A-3639-21, 2023 WL 3160849 (N.J. Super. Ct. App. Div. May 1, 2023), which was the subject of a Rule 28(j) letter filed by plaintiffs.  *See* Dkt. 53.

    As plaintiffs and defendants previously noted (Dkt. 53, at 1-2; Dkt. 55, at 16), in *Achey*, a panel of the Appellate Division of the New Jersey Superior Court followed the district court's decision in this case as a matter of New Jersey law.  The defendants in *Achey* (who are also defendants here) subsequently petitioned the New Jersey Supreme Court for review of several questions, including (1) whether the incorporation of arbitral rules that delegate disputes over arbitrability to the arbitrator constitutes "clear and unmistakable evidence" of that delegation; (2) whether an ambiguous contract provision susceptible to an interpretation which would render the provision valid may be construed in a manner that renders the term unlawful and unenforceable; and (3) whether a court may invalidate arbitration

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

provisions based on the "cumulative effect" of invalid terms, even where those terms have been deemed severable. On September 11, 2023, the New Jersey Supreme Court granted certification.

We would appreciate it if you would circulate this letter to the panel at your earliest convenience.

Respectfully submitted,

/s/ Kannon K. Shanmugam
Kannon K. Shanmugam

cc: Counsel of record (via electronic filing)